9 November 1999

No. 2--99--0315

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

FRANK REICH, ) Appeal from the Circuit Court

) of Carroll County.

Plaintiff-Appellee, )

) No. 93--L--16

v. )

)

JERRY GENDREAU, VICKY GENDREAU  )

and CLIFFORD SAXBY,             )

Indiv. and d/b/a The Antique    )

Eatery, ) Honorable

) David T. Fritts,

Defendants-Appellants. ) Judge, Presiding.

________________________________________________________________

PRESIDING JUSTICE BOWMAN delivered the opinion of the court:

This is a permissive interlocutory appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308).  The question certified for appeal is whether plaintiff, Frank Reich, "is barred pursuant to the doctrine of 'law of the case' from refiling a 
res
 
ipsa
 
loquitor
 count" by a prior decision of this court.  We answer the question in the affirmative.

On July 27, 1993, plaintiff filed a complaint against Jerry Gendreau and Vicky Gendreau (the Gendreaus).  On August 12, 1993, plaintiff filed a separate complaint against Clifford Saxby, individually and d/b/a Antique Eatery (Saxby), and Walter Nehrkorn.  Nehrkorn was later dismissed as a party defendant and the cases were consolidated.  The Gendreaus and Saxby are defendants in the consolidated cases.

In his original complaints, plaintiff alleged that he was injured on August 14, 1991, when parts of an elevator crashed down on him while he was using the elevator in a building that was owned by or in the control of defendants.  Each of the original complaints contained a count based on the evidentiary theory of 
res
 
ipsa
 
loquitor
.  After the cases were consolidated, plaintiff, who was proceeding 
pro
 
se
, filed several unnumbered amended complaints that also contained a count based on 
res
 
ipsa
 
loquitor
.

On March 22, 1996, the trial court granted a motion by defendants to dismiss the count based on 
res
 
ipsa
 
loquitor
 in plaintiff’s then most-recent amended complaint.  Plaintiff did not file a motion to reconsider the dismissal.  Plaintiff later filed other amended complaints that were captioned as his fourth and fifth amended complaints.  Neither the fourth nor the fifth amended complaint contained a count based on 
res
 
ipsa
 
loquitor
.

The cause went to trial on plaintiff’s fifth amended complaint.  At the end of plaintiff’s case, the trial court directed a verdict in favor of defendants.  Plaintiff filed a timely appeal and contended that the trial court erred in directing a verdict in favor of defendants.  On appeal, plaintiff also attempted to raise issues related to 
res
 
ipsa
 
loquitor
.

This court determined that plaintiff waived the issues related to 
res
 
ipsa
 
loquitor
 by failing to include a count based on 
res
 
ipsa
 
loquitor
 in the amended complaints he filed after the dismissal of the count based on 
res
 
ipsa
 
loquitor
.  
Reich v. Gendreau
, No. 2--96--1126 (July 21, 1997) (unpublished order under Supreme Court Rule 23) (
Reich I
)
.
  In 
Reich I
, this court also stated that another reason that plaintiff waived the 
res
 
ipsa
 
loquitor
 issues was that "in his notice of appeal, plaintiff specifically appealed only from the trial court’s order granting the motion for directed verdict as to the negligence counts."  
Reich I
, slip op. at 9.

In 
Reich I
, this court also determined that the trial court erred when it directed a verdict in favor of defendants.  The judgment of the trial court was therefore reversed and the cause was remanded.

On remand, plaintiff filed a "First Amended Complaint After Appeal" (postappeal complaint).  Count III of the postappeal complaint was based on the evidentiary theory of 
res
 
ipsa
 
loquitor
. 

The Gendreaus responded by filing a motion to dismiss count III of the postappeal complaint.  In a memo in support of  their motion, the Gendreaus argued that the trial court’s dismissal of the count based on 
res
 
ipsa
 
loquitor
 prior to trial and this court’s determination in 
Reich I
 that plaintiff waived the issues related to 
res
 
ipsa
 
loquitor
 had both become the law of the case and therefore barred plaintiff from filing an amended complaint on remand containing a count based on 
res
 
ipsa
 
loquitor
.

After a hearing on the matter, the trial court initially granted the Gendreaus’ motion to dismiss count III of the post-

appeal complaint.  Plaintiff then filed a motion to reconsider the dismissal.  After additional hearings, the trial court entered an order granting plaintiff’s motion to reconsider.  In the same order, the trial court certified the following question for interlocutory review under Rule 308: "whether plaintiff, FRANK REICH, is barred pursuant to the doctrine of the 'law of the case'  from refilling a 
res
 
ipsa
 
loquitor
 count under [
Reich I
]."  We subsequently granted leave to appeal.

On appeal, defendants contend that the trial court erred when it determined that plaintiff could file an amended complaint on remand that included a count based on 
res
 
ipsa
 
loquitor
.  Defendants assert that both the trial court's dismissal before trial of the 
res
 
ipsa
 
loquitor
 count and this court's determination in 
Reich I
 that plaintiff waived issues related to 
res
 
ipsa
 
loquitor
 became the law of the case.  Defendants  argue that under the law of the case doctrine plaintiff should therefore be barred from filing a complaint on remand that contains a count based on 
res
 
ipsa
 
loquitor
.

In response, plaintiff does not address the trial court's dismissal of the 
res
 
ipsa
 
loquitor
 count before trial or his subsequent failure to include a count based on 
res
 
ipsa
 
loquitor
 in later amended complaints that he filed before trial.  As to 
Reich I
, plaintiff takes the position that this court "did not rule on anything except the propriety of the directed verdict."  Plaintiff then asserts that the law of the case does not apply in this case.  Plaintiff next cites section 2--616 of the Code of Civil Procedure (Code) (735 ILCS 5/2--616 (West 1998)) and several cases that allowed a party to file an amended complaint on remand after an appeal.  Based on these authorities, plaintiff argues that he should now be allowed to file an amended complaint that includes a count based on 
res
 
ipsa
 
loquitor
.

Generally, the scope of our review in an interlocutory appeal brought under Rule 308 is strictly limited to the question certified by the trial court.  
In re Detention of Anders
, 304 Ill. App. 3d 117, 120 (1999).  Our standard of review in such an appeal is 
de
 
novo
.  
Weatherman v. Gary-Wheaton Bank
, 186 Ill. 2d 472, 480 (1999).

Contrary to the position taken by plaintiff, we believe that in 
Reich I
 this court not only decided that the trial court erred in directing a verdict for defendants but also decided
 that plaintiff waived his right to raise issues based on 
res
 
ipsa
 
loquitor
.  As the court explained in 
Reich I
, plaintiff waived issues related to 
res
 
ipsa
 
loquitor
:

"When an amendment to a pleading is 'complete in itself' and does not make reference to or adopt a prior pleading, the prior pleading is 'in effect abandoned and withdrawn.'  
Pfaff v. Chrysler Corp.
, 155 Ill. 2d 35, 61 (1992), citing 
Bowman v. County of Lake
, 29 Ill. 2d 268, 272 (1963).  'Allegations in a former complaint, not incorporated in the final amended complaint, are deemed waived; when a party files such an amended complaint, he thereby waives any objection to the trial court's ruling on the former complaint.'  
Pfaff
, 155 Ill. 2d at 61, citing 
Foxcraft Townhome Owners Ass'n v. Hoffman Rosner Corp.
, 96 Ill. 2d 150, 153 (1983)." 
Reich I
, slip op. at 9.

Thus, the question before us is whether under 
Reich I
, where the court clearly ruled that plaintiff waived issues related to 
res
 
ipsa
 
loquitor
, the doctrine of the law of the case bars plaintiff from including a count based on 
res
 
ipsa
 
loquitor
 in an amended complaint on remand.

Under the law of the case doctrine, issues presented and disposed of in a prior appeal are binding and will control in the circuit court on remand as well as in the appellate court in a subsequent appeal.  
Aardvark Art, Inc. v. Lehigh/Steck-Warlick, Inc.
, 284 Ill. App. 3d 627, 633 (1996).  The law of the case doctrine is based on the rationale that the failure of a party to challenge a legal decision when it has the opportunity to do so renders that decision the law of the case for future stages of the same litigation, and the party is deemed to have waived the right to challenge that decision at a later time.  
Liccardi v. Stolt Terminals, Inc.
, 178 Ill. 2d 540, 547 (1997).

In this case, plaintiff failed to timely challenge the legal decision made by the trial court when it dismissed the count in his amended complaint that was based on 
res
 
ipsa
 
loquitor
.  Plaintiff subsequently filed amended complaints that did not include a count based on 
res
 
ipsa
 
loquitor
 and went to trial on the last of these amended complaints.  Based on the above principles, the trial court's decision therefore became the law of the case.

In 
Reich I
, this court effectively confirmed the fact that the trial court's ruling became the law of the case by determining that plaintiff had waived the issue for review.  This court also reversed the directed verdict and remanded the cause.

The law of the case doctrine encompasses a court's explicit decisions and issues decided by necessary implication.  
Aardvark Art
, 284 Ill. App. 3d at 632-33.  Here, this court's decision in 
Reich I
 explicitly decided that plaintiff waived issues related to 
res
 
ipsa
 
loquitor
 and implicitly decided that the trial court's dismissal of the count based on 
res
 
ipsa
 
loquitor
 had become the law of the case.  Plaintiff did not challenge the decisions made in 
Reich I
 either by petitioning for leave to reconsider or by seeking leave to appeal to the supreme court.  The decisions made in 
Reich I
 thus became the law of the case, and plaintiff is therefore barred from reopening a decided issue by including a count based on 
res
 
ipsa
 
loquitor
 in an amended complaint on remand.

Plaintiff cited section 2--616 of the Code (735 ILCS 5/2--616 (West 1996)) and several cases as authority for the proposition that he may include a count based on 
res
 
ipsa
 
loquitor
 in an amended complaint on remand.  However, plaintiff’s reliance on these authorities is misplaced.

To determine whether an amended complaint is appropriate under section 2--616, a court considers (1) whether the amendment cured a defective pleading; (2) whether the amendment prejudiced or surprised other parties; (3) whether the amendment was timely; and (4) whether previous opportunities to amend were identifiable.  
Loyola Academy v. S&S Roof Maintenance, Inc.
, 146 Ill. 2d 263, 273 (1992).  In this case, plaintiff certainly had previous opportunities to amend his complaint.  After the dismissal of the count based on 
res
 
ipsa
 
loquitor
, plaintiff filed two amended complaints before trial that did not include a count based on 
res
 
ipsa
 
loquitor
.  
Reich I
 made it clear that by doing so plaintiff waived his right to raise issues based on 
res
 
ipsa
 
loquitor
. Therefore plaintiff cannot now file an amended complaint containing a count based on 
res
 
ipsa
 
loquitor
.

None of the cases cited by plaintiff requires a different determination.  This is because none of the cited cases involved a situation like the situation in this case where plaintiff waived his right to raise an issue by filing amended complaints that did not include a previously dismissed count.

Based on the foregoing, we answer the certified question in the affirmative, 
i.e.
, pursuant to the law of the case doctrine, 
Reich I
 bars plaintiff from filing a count based on 
res
 
ipsa
 
loquitor
 in an amended complaint on remand.  We also remand the cause for further proceedings consistent with this opinion.

Certified question answered; cause remanded.

HUTCHINSON and GALASSO, JJ., concur.