THE CITY OF WAUKEGAN *et al.*, Plaintiffs and Counterdefendants-Appellees and Cross-Appellants, v. THE ENVIRONMENTAL PROTECTION AGENCY, Defendant and Cross-Appellee (North Shore Sanitary District, Defendant and Counterplaintiff-Appellant and Cross-Appellee).

Second District    Nos. 2—02—0635, 2—03—0200 cons.

Opinion filed June 13, 2003.

964

Mark E. Furlane, Michael J. Hayes, Francis X. Lyons, Sheila H. Deely, and Wallace C. Solberg, all of Gardner, Carton & Douglas, of Chicago, for appellant.

Michael S. Blazer, Jeffery D. Jeep, and Jeffrey R. Diver, all of Jeff Diver Group, of Wheaton, and Brian S. Grach and Robert J. Masini, both of Diver, Grach, Quade & Masini, of Waukegan, for appellees.

Lisa Madigan, Attorney General, of Chicago (Joel D. Bertocchi and Brian F. Barov, Assistant Attorneys General, of counsel), for cross-appellee Environmental Protection Agency.

JUSTICE BOWMAN delivered the opinion of the court:

The City of Waukegan (the City) filed suit against the North Shore Sanitary District (the District) and the Illinois Environmental Protection Agency (the Agency) in the circuit court of Lake County, seeking declaratory and injunctive relief with respect to the District's proposed construction of a "Biosolids Reuse Project" in Waukegan. The District filed a counterclaim that, *inter alia*, asked the court to declare that the City's zoning and building regulations do not apply to it.

The District appeals the denials of (1) its motion for judgment on the pleadings as to counts III through VI of the City's amended complaint, and (2) its motion for summary judgment on counts I and II of its counterclaim. The City has filed a cross-appeal in which it asserts that the trial court erred in granting the District's motion for judgment on the pleadings and the Agency's motion to strike and dismiss, both as to counts I and II of the City's amended complaint.

The District has also appealed the trial court's order of February 18, 2003, denying its motion for a temporary restraining order and granting the City's motion for a temporary restraining order. We have consolidated the two appeals.

## BACKGROUND

The District is a governmental unit created by statute (see 70 ILCS 2305/0.1 *et seq.* (West 2000)) to provide sewage disposal and waste water treatment services to the 11 municipalities located within its designated area. The District operates a waste water treatment facility in Waukegan and seeks to construct on its own property the "Biosolids Reuse Project" (project). The project is intended to allow the District to create a usable by-product with the sludge that the District currently transports to a landfill. The Agency issued the District the necessary permits for constructing the project.

The City is a municipal corporation and home rule unit of government. The District alleges that the City has repeatedly sought to impede the project by changing its ordinances, passing a moratorium on the issuance of building permits for the area where the District's property is located, and opposing the issuance of permits by the Agency. The City maintains that the District must comply with its zoning and building ordinances.

On December 6, 2001, the City filed a complaint against the District and the Agency seeking declaratory and injunctive relief. Counts I and II of the City's amended complaint ask the court to declare that, under section 39(c) of the Environmental Protection Act (Act) (415 ILCS 5/39(c) (West 2000)), (1) the project constitutes a "new pollution control facility" that requires local siting approval before the Agency may issue permits, and (2) the Agency's permits are void due to the District's failure to obtain local siting approval. The City further requests an injunction to prevent the District from commencing construction without local siting approval. Counts III through VI of the amended complaint ask the court to declare that the District must comply with the City's zoning and building ordinances and to enjoin the District from constructing its project until it complies.

In its counterclaim, the District seeks, *inter alia*, a declaration that it is not subject to regulation by the City and an injunction preventing the City from imposing its zoning ordinances upon the project.

The District moved for judgment on the pleadings and argued with respect to counts I and II of the amended complaint that the City may not collaterally attack the Agency's issuance of permits to the District. The Agency made this argument as well in its motion to strike and dismiss counts I and II of the amended complaint.

As for counts III through VI of the amended complaint, the District contended that a line of cases that the parties refer to as the *"Des Plaines* Trilogy" exempts the District from complying with the City's zoning and building codes. The City responded that amendments to section 39(c) of the Act have overruled the *"Des Plaines* Trilogy" and require the District to comply with the City's ordinances.

On June 18, 2002, the trial court entered an order granting both the District's motion for judgment on the pleadings and the Agency's motion to strike and dismiss with respect to counts I and II of the amended complaint. The court agreed with the District and the Agency that the City may not collaterally attack the Agency's permitting decision. On that same date, the court denied the District's motion for judgment on the pleadings as to the remaining counts of the amended complaint on the ground that section 39(c) of the Act requires the

District to comply with the City's zoning and building ordinances. For the same reason, the court denied the District's motion for summary judgment on its counterclaim. In its June 18 order, the court made findings that there was no just reason to delay the enforcement of or the appeal from its rulings on the motion for summary judgment, the motion for judgment on the pleadings, and the motion to strike and dismiss. The court also certified the following questions for appeal, pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308):

"(1) Whether under the Des Plaines Trilogy line of authority, if the North Shore Sanitary District is exercising power within its statutory grant, such exercise is subject to zoning restrictions imposed by Waukegan, a host home rule municipality[.]

(2) Whether the amendments to the Environmental Protection Act have over ruled the Des Plaines Trilogy line of authority under the facts of this case[.]"

The District filed a timely notice of appeal from the trial court's order and the City filed a timely cross-appeal.

While the District's initial appeal was pending, it attempted to start constructing the project before the expiration of its air permit on March 11, 2003. The City physically prevented the District from beginning construction by placing police officers and salt trucks at the entrance to the construction site. The City also threatened to fine the District and to arrest the District's contractors. The District and the City filed cross-motions for temporary restraining orders.

On February 18, 2003, the court granted the City's motion for a temporary restraining order and denied the District's motion for a temporary restraining order. The court based its decision on its earlier ruling that the District is not exempt from complying with the City's zoning and building ordinances. Because the City denied the District's zoning applications, the District was attempting to begin construction without the required permits. The District filed a timely petition for leave to appeal the trial court's order (see 188 Ill. 2d R. 307(d)). We granted the District's motion to consolidate its appeals.

## No. 2—02—0635

■ Before reaching the merits of this case, we first address the District's motion to amend the record with minutes from a Waukegan city council meeting on October 21, 2002, at which the city council denied the District's petitions for a conditional use permit and for a variance. According to the District, the addition of these minutes to the record on appeal will allow us to decide whether the City's actions have exceeded the scope of its home rule authority. The City objects to the supplementation of the record, arguing that the minutes are not relevant to the issues before us. We agree with the City. First, the

District seeks to supplement, rather than amend, the record. Moreover, the minutes that the District seeks to add to the record go to the merits of the case, which are not before us on appeal. Consequently, we deny the District's motion to amend the record.

## CERTIFIED QUESTIONS

The first certified question asks us to answer whether, under the "*Des Plaines* Trilogy," the District is subject to the City's zoning restrictions if the District is exercising power within its statutory grant. As we understand it, this question asks us to consider only the *Des Plaines* cases and not section 39(c) of the Act. The second certified question asks whether the amendments to section 39(c) of the Act have overruled the *Des Plaines* cases. To facilitate our analysis of these questions, we first set out the relevant case law and statutory provisions.

In a series of cases, our supreme court addressed efforts by the City of Des Plaines (Des Plaines) to impose its zoning ordinances upon the Metropolitan Sanitary District of Greater Chicago (sanitary district) with respect to the sanitary district's proposed construction of a water reclamation plant. In *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago*, 48 Ill. 2d 11 (1971) (*Des Plaines I*), the supreme court determined that Des Plaines' zoning ordinance was not applicable to the sanitary district's power of eminent domain. Des Plaines next asserted that, pursuant to the home rule powers granted by the 1970 Illinois Constitution, it had the authority to enforce its zoning ordinance against the sanitary district. In *City of Des Plaines v. Metropolitan Sanitary District of Greater Chicago*, 59 Ill. 2d 29 (1974) (*Des Plaines II*), the supreme court rejected this argument, holding that its decision in *Des Plaines I* was *res judicata*. Des Plaines then enacted a health ordinance that required a permit prior to the construction of any "sewage works" that fell within the parameters set forth in the ordinance. The supreme court in *Metropolitan Sanitary District of Greater Chicago v. City of Des Plaines*, 63 Ill. 2d 256 (1976) (*Des Plaines III*), concluded that the application of the ordinance to the sanitary district, a regional entity serving numerous municipalities, did not pertain to Des Plaines' government and affairs and thus was not within its home rule powers. *Des Plaines III*, 63 Ill. 2d at 260-62. The court concluded that allowing a regional facility to be controlled by a part of the region would be incompatible with the purpose for which the regional entity was created. *Des Plaines III*, 63 Ill. 2d at 261.

Five years after the court issued its decision in *Des Plaines III*, the General Assembly amended section 39(c) of the Act to provide as follows:

"No permit for the development or construction of a new facility other than a new regional pollution control facility may be granted by the Agency unless the applicant submits proof to the Agency that the applicant has secured all necessary zoning approvals from the unit of local government having zoning jurisdiction over the proposed facility." 1981 Ill. Laws 3574.

Section 39(c) was later amended to provide as follows:

"Except for those facilities owned or operated by sanitary districts organized under the Metropolitan Water Reclamation District Act, and except for new pollution control facilities governed by Section 39.2, and except for fossil fuel mining facilities, the granting of a permit under this Act shall not relieve the applicant from meeting and securing all necessary zoning approvals from the unit of government having zoning jurisdiction over the proposed facility." 415 ILCS 5/39(c) (West 2000).

Prior to the amendments, "the only requirements in the Act pertaining to local governmental involvement in permitting decisions were that local governments were required to be notified when a request for a refuse-disposal permit had been requested, and a public hearing had to be held in the county where the proposed refuse-disposal facility would be located." *Village of Carpentersville v. Pollution Control Board*, 135 Ill. 2d 463, 468-69 (1990).

The District contends that, pursuant to *Des Plaines III*, the City's home rule power does not extend over a regional entity such as itself that is operating within its statutory mandate. The City responds that *Des Plaines III* is inapplicable to the facts at hand and that section 39(c) of the Act has overruled *Des Plaines III*.

The first certified question asks whether, under the *Des Plaines* cases, the District is subject to the City's zoning regulation if the District is carrying out its statutory mandate. If one limits the applicable law to these cases, as the trial court has asked us to do, then the answer to the first certified question is no. The court in *Des Plaines III* held that a municipality lacks the authority to regulate a regional sanitary district that serves multiple communities. In the case at bar, the City is just 1 of 11 localities served by the District. Consequently, under *Des Plaines III*, the City's home rule power would not extend over the District. This conclusion, though, does not resolve the ultimate question of whether the amendments to section 39(c) have enlarged the scope of the City's zoning authority so as to effectively overrule the *Des Plaines* cases.

We believe that the answer to this question is found in this court's earlier decision in *Village of Carpentersville v. Pollution Control Board*, 176 Ill. App. 3d 668 (1988), and the subsequent affirmance by our

supreme court (*Carpentersville*, 135 Ill. 2d 463). In *Carpentersville*, this court held that a condition in a permit issued by the Agency did not preempt a local zoning ordinance. *Carpentersville*, 176 Ill. App. 3d at 671. In so holding, we noted that the language of section 39(c) of the Act (then Ill. Rev. Stat. 1987, ch. 111½, par. 1039(c)) plainly and unambiguously provided "that the issuance of a permit by the Agency does not excuse a permit holder from complying with local zoning ordinances." *Carpentersville*, 176 Ill. App. 3d at 672.

The supreme court agreed that, pursuant to the amendments to section 39(c), permits issued pursuant to the Act do not preempt local zoning ordinances. *Carpentersville*, 135 Ill. 2d at 469. The court rejected the argument that a municipality may not impose requirements that directly conflict with the State's uniform program of environmental regulation. The court noted that the General Assembly may constitutionally allow local zoning ordinances to play a role in Illinois's coordinated pollution control plan, even if those ordinances might conflict with uniform, statewide standards. *Carpentersville*, 135 Ill. 2d at 473.

The District contends that *Des Plaines III*, rather than section 39(c), applies in this instance because the supreme court did not base its decision in *Des Plaines III* on the Act. The District further argues that, under *Des Plaines III*, the City is not a "unit of government having zoning jurisdiction over the proposed facility" because regulation of the District is not within its home rule power. The District's reliance on *Des Plaines III* is misplaced. At the time *Des Plaines III* was decided, the amendments to section 39(c) had not yet been enacted. In our view, the amendments make clear that the General Assembly intended to enlarge the role of local governments with respect to zoning. Consequently, *Des Plaines III* and its predecessors do not apply here.

The District also attempts to distinguish *Carpentersville* on the ground that the permit holder in *Carpentersville* was a private entity. This argument is not persuasive because section 39(c) does not distinguish between private entities and regional ones. Instead, the General Assembly exempted only those sanitary districts organized under the Metropolitan Water Reclamation District Act, as well as new pollution control facilities and fossil fuel mining facilities. See 415 ILCS 5/39(c) (West 2000). Clearly, if the General Assembly had intended to exempt all regional sanitary districts, it would have said so expressly.

We also find unpersuasive the District's argument that *Carpentersville* is inapplicable because the issue there was preemption rather than home rule power. In our view, the interpretation of section 39(c)

does not change merely because the District propounds a different theory than did the appellant in *Carpentersville*. The ultimate question in both cases was whether, under section 39(c) of the Act, a local government may enforce its zoning ordinances against a permit holder.

■ Accordingly, we determine that, in those cases governed by section 39(c) of the Act, the amendments to section 39(c) have overruled *Des Plaines III* and its predecessors. Our holding is limited to those cases falling under section 39(c) because, as the District points out, courts have recently applied *Des Plaines III* in holding that a local government may not require a regional entity acting within its statutory mandate to comply with local zoning ordinances. See *County of Lake v. Fox Waterway Agency*, 326 Ill. App. 3d 100 (2001); *City of Joliet v. Snyder*, 317 Ill. App. 3d 940 (2000). The difference between these cases and the case at bar is that none of the other cases involve a statute like section 39(c), in which the General Assembly provided that compliance with local zoning ordinances is not excused. Consequently, we do not hold generally that *Des Plaines III* is overruled.

Accordingly, we answer the first certified question in the negative. We answer the second question in the affirmative, limited to the facts of this case. Further, because we may, in the interests of judicial economy and reaching an equitable result, go beyond the certified questions presented and consider the propriety of the order that gave rise to the appeal (see *Bright v. Dicke*, 166 Ill. 2d 204, 208 (1995)), we affirm the order denying the District's motion for judgment on the pleadings and motion for summary judgment on the issue of whether the District must comply with the City's zoning regulations.

## BUILDING REGULATIONS

■ Likewise, the interests of judicial economy and reaching an equitable result allow us to consider the denial of the District's motions for judgment on the pleadings and for summary judgment with respect to the applicability of the City's building code. Generally, the denial of a motion for summary judgment (*Board of Library Directors v. Skidmore, Owings & Merrill*, 215 Ill. App. 3d 69, 73 (1991)) or a motion for judgment on the pleadings (*Fabian v. Norman*, 138 Ill. App. 3d 507, 509 (1985)) is not a final and appealable order, and the inclusion of Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) language in the order does not make it so (*Blott v. Hanson*, 283 Ill. App. 3d 656, 660 (1996)). That being said, the trial court's rulings on the building code issues were part of the order that gave rise to the appeal. Moreover, the same issues that form the basis of the certified questions, namely, the applicability of the *Des Plaines* cases, also form the basis of the parties' arguments with respect to the applicability of the

City's building codes. Accordingly, pursuant to *Bright*, we find it appropriate to address these issues even though they would not otherwise be properly before us on appeal. See also *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 472 (1998).

During oral argument, the District conceded that, to the extent the City's building regulations meet the requirements set forth in *Lake County Public Building Comm'n v. City of Waukegan*, 273 Ill. App. 3d 15 (1995), the District must abide by them. The District argues, however, that by imposing a moratorium on building in the area where the District's property is located, the City has used its building code to frustrate the District's statutory purpose. According to the District, the City has used its building code in such a restrictive way that the principles of *Des Plaines III* should apply to preclude the City's actions. For the reasons set forth above and in *Lake County Public Building Comm'n*, we decline to apply the reasoning of *Des Plaines III* to the case at bar.

In *Lake County Public Building Comm'n*, this court held that the Lake County Public Building Commission was not exempt from the City of Waukegan's building regulations when constructing a skywalk connecting the Babcox Justice Building with the Courthouse Square. At issue was the City of Waukegan's regulation requiring payment of a building permit fee. We held that the City of Waukegan's building regulations were addressed exclusively to local concerns, even though they might be applied to entities that carry on activities in more than one municipality. *Lake County Public Building Comm'n*, 273 Ill. App. 3d at 22. We noted that there were no provisions in the Public Building Commission Act (50 ILCS 20/1 *et seq.* (West 1994)) exempting the commission from complying with the ordinances of its host municipalities. We also found it significant that there was no evidence in the record indicating that the City of Waukegan was using its building ordinances to frustrate the commission's activities. *Lake County Public Building Comm'n*, 273 Ill. App. 3d at 22.

■ In the case before us, the trial court made no determination as to whether the City's building moratorium or any other building regulation frustrated the District's purpose. Consequently, this issue is not before us on appeal. It remains for the trial court to determine whether any of the City's building regulations frustrate the District's statutory purpose.

For the foregoing reasons, we affirm the trial court's denials of the District's motion for judgment on the pleadings and motion for summary judgment on its counterclaim with respect to the applicability of the City's building code.

## CROSS-APPEAL

The City has filed a cross-appeal challenging the trial court's ruling that the City may not obtain judicial review of the Agency's permitting decision. We agree with the trial court and hold that *City of Elgin v. County of Cook*, 169 Ill. 2d 53 (1995), is controlling on this issue.

■ Under section 39(c) of the Act, the Agency may not issue a permit for a "new pollution control facility" unless it has received proof from the applicant that it has obtained local siting approval. Section 39(c) specifically provides as follows, in relevant part:

"Except for those facilities owned or operated by sanitary districts organized under the Metropolitan Water Reclamation District Act, no permit for the development or construction of a new pollution control facility may be granted by the Agency unless the applicant submits proof to the Agency that the location of the facility has been approved by the County Board of the county if in an unincorporated area, or the governing body of the municipality when in an incorporated area, in which the facility is to be located in accordance with Section 39.2 of the Act." 415 ILCS 5/39(c) (West 2000).

In *City of Elgin*, the supreme court held that the plaintiff municipalities were statutorily precluded from seeking judicial review of the Agency's decision to issue a development permit for a pollution control facility. The court explained the relevant portions of the Act as follows:

"An Agency decision granting a permit cannot be appealed to the Pollution Control Board, which is only authorized to hear appeals where the Agency denies a permit or grants only a conditional permit. (415 ILCS 5/40(a)(1) (West 1992).) Further, the Act only authorizes judicial review of Pollution Control Board permitting decisions, and not Agency permitting decisions. (415 ILCS 5/41(a) (West 1992).) Consequently, judicial review of Agency decisions granting development permits for solid waste disposal sites is precluded and the instant plaintiffs cannot challenge the Agency's decision to grant the balefill development permit." *City of Elgin*, 169 Ill. 2d at 61.

The court further noted that the Act authorizes the filing of enforcement actions against parties who violate environmental regulations. 415 ILCS 5/31(b), 43(a), (b) (West 1992). Therefore, if the development at issue causes any actual harm to the environment, there are safeguards in place to stop any further activity. The court noted that the plaintiff Kane County failed to allege any violations of the Act that would allow it to bring an enforcement action. *City of Elgin*, 169 Ill. 2d at 79. Similarly, in the case at bar, there is no basis under the Act for the City to seek review of the Agency's permitting decision by the Pollution Control Board or to bring an enforcement action.

The City attempts to distinguish *City of Elgin* by arguing that it is challenging the Agency's jurisdiction to award the permit and, therefore, may attack the Agency action at any time in court (see *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 166 (2002) ("Because agency action for which there is no statutory authority is void, it is subject to attack at any time in any court, either directly or collaterally")). This argument does not withstand scrutiny.

Although the City couches its argument in terms of "jurisdiction," it is clear that the City is really challenging the merits of the Agency's decision to issue permits to the District and, in particular, the Agency's determination that the project does not constitute a "pollution control facility." However, the City has not cited any authority for the proposition that proof of local siting approval is a jurisdictional prerequisite for the issuance of a permit.

The City relies on *Kane County Defenders, Inc. v. Pollution Control Board*, 139 Ill. App. 3d 588 (1985), as support for its argument that the local siting process is so critical that every step of the process is considered to be jurisdictional. *Kane County Defenders*, however, holds no such thing.

This court held in *Kane County Defenders* that the "*notice requirements* \*\*\* in section 39.2(b) of [the Act] are jurisdictional prerequisites which must be followed in order to vest the *county board* with the power to hear a landfill proposal." (Emphasis added.) *Kane County Defenders*, 139 Ill. App. 3d at 593. The case before us does not involve notice requirements under the Act, nor does it involve a challenge to a county board's authority. Accordingly, *Kane County Defenders* offers no support for the City's jurisdictional argument.

■ Moreover, it is clear that the Agency acted within its jurisdiction when determining that local siting approval was not required in order for the District to obtain its necessary permits. An administrative agency's jurisdiction refers to "the power to hear and determine causes of the general class of cases to which the particular case belongs." *Newkirk v. Bigard*, 109 Ill. 2d 28, 36 (1985). Whether a statutory provision is considered jurisdictional depends on whether the agency's particular expertise is a necessary part of the statute's interpretation and application. *County of Knox ex rel. Masterson v. Highlands, L.L.C.*, 188 Ill. 2d 546, 552 (1999).

■ The express language of section 39(c) instructs the Agency that it may not issue a permit for a new pollution control facility absent proof of local siting approval. Thus, section 39(c) requires the Agency to decide, before issuing a permit, whether local siting approval is required and, if it is, to make sure that the applicant has submitted proof thereof. Section 39(c) thereby bestows upon the Agency the

power to determine causes of the general class of cases to which this case belongs. Further, we believe the Agency's expertise is a necessary part of determining whether a facility constitutes a "new pollution control facility." There is no allegation in this case that the Agency failed to make the necessary determinations under section 39(c). Rather, the City simply disagrees with the Agency's decision that local siting approval is not required. The City has not demonstrated that the Agency exceeded the scope of its authority. Therefore, we affirm the order dismissing counts I and II of the amended complaint and granting judgment on the pleadings as to those counts. We also deny the District's motion to cite additional authority on the issue of whether the District's project is a new pollution control facility, as that issue is not before us.

## No. 2—03—0200

■ The District also appeals the trial court's order temporarily restraining it from beginning construction of its project and denying its request to enjoin the City from interfering with its construction. The City has moved to dismiss the District's appeal on the ground that it is rendered moot by the scheduled expiration of the District's air permit on March 11, 2003. The District has responded by moving to supplement the record with an order entered by the Illinois Pollution Control Board (Board) staying the expiration of its air permit.

We conclude that the scheduled expiration of the District's air permit does not render the District's appeal moot. Consequently, we deny both the City's motion to dismiss the District's appeal and the District's motions to supplement the record on appeal with the Board's order.

■ The City also moves to dismiss the District's appeal on the ground that the temporary restraining order has expired and a preliminary injunction has been entered in its stead. We decline to dismiss the District's appeal on this basis. The District timely appealed the temporary restraining order and moved to consolidate its two appeals. The reviewing court is to decide a petition filed pursuant to Supreme Court Rule 307(d) within five days of the expiration of the time for filing any responding memorandum, unless the court deems it appropriate to modify the schedule. 188 Ill. 2d R. 307(d)(4), (d)(5). The consolidation of the District's two appeals required us to delay the decision on the Rule 307 petition. In our view, it would be unfair to penalize the District by dismissing its Rule 307 petition because the circumstances required a modified schedule for deciding the appeal.

■ Generally, the scope of our review in an appeal brought pursuant to Rule 307 is limited to determining whether there was a suf-

ficient showing made to the trial court to sustain its order. *Crain v. Lucent Technologies, Inc.*, 317 Ill. App. 3d 486, 491 (2000). Here, the trial court based its decision granting the City's motion for temporary restraining order and denying that of the District on its earlier determination that, under section 39(c) of the Act, the District was required to comply with the City's zoning ordinances. The evidence was uncontroverted that the District had not secured the necessary zoning approvals at the time it sought to begin construction.

■ In order to be entitled to a temporary restraining order, a party must show that it has a protectible right, that it will suffer irreparable harm if injunctive relief is not granted, that its remedy at law is inadequate, and that there is a likelihood of success on the merits. *Houseknecht v. Zagel*, 112 Ill. App. 3d 284, 291-92 (1983). A municipality, however, need not show irreparable injury to obtain a temporary or preliminary injunction against the violation of its ordinances. *Village of Lake Bluff v. Jacobson*, 118 Ill. App. 3d 102, 110 (1983).

■ In light of our determination that the City may require the District's compliance with its zoning regulations, there was sufficient evidence before the trial court to sustain its orders pertaining to the parties' respective motions for a temporary restraining order. Accordingly, we affirm the order granting the City's motion for temporary restraining order and denying the District's motion for temporary restraining order.

No. 2—02—0635, Certified questions answered; affirmed.

No. 2—03—0200, Affirmed.

McLAREN and KAPALA, JJ., concur.