2018 IL App (2d) 180086
No. 2-18-0086
Opinion filed September 18, 2018

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CHARLES A. CASAMENTO, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 16-LA-116 |
| | ) | |
| EMILY BERENDT, | ) | Honorable |
| | ) | Thomas A. Meyer, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Zenoff and Burke concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Emily Berendt, the president of the Village of Bull Valley (Village), requested that the Attorney Registration and Disciplinary Commission (ARDC) investigate whether the plaintiff, Charles A. Casamento, engaged in the unauthorized practice of law. The ARDC found that he had not. Thereafter, the plaintiff filed a complaint sounding in libel against the defendant, based on statements the defendant had made in her filing with the ARDC. The defendant moved to dismiss the plaintiff's complaint on the basis that her actions were subject to immunity pursuant to Illinois Supreme Court Rule 775 (eff. Dec. 11, 2011). The trial court denied the defendant's motion in part. The trial court found that the defendant's statements that pertained to the unauthorized practice of law were subject to immunity. However, the trial court

found that three statements were extraneous to an unauthorized-practice-of-law inquiry and thus were not subject to immunity. In conjunction with its partial denial of the defendant's motion to dismiss, the trial court entered a finding pursuant to Illinois Supreme Court Rule 308 (eff. July 1, 2017), certifying the following question:

> "Are statements unrelated to the unauthorized practice of law in a complaint submitted to the Attorney Registration and Disciplinary Commission immunized under Supreme Court Rule 775?"

On April 13, 2018, we granted the defendant's application for leave to appeal. We now answer the certified question in the affirmative.

¶ 2                              BACKGROUND

¶ 3     On November 30, 2015, the defendant submitted a "Request for Investigation" to the ARDC, alleging that the plaintiff had engaged in the unauthorized practice of law. The defendant asserted that the plaintiff, a painting contractor and not a lawyer, was providing legal advice and offering legal services to other contractors at Village administrative hearings regarding their defenses against citations issued or arrests made by the Village's police department for operating unmarked work vehicles. The defendant alleged that the plaintiff had told other contractors that he would represent them in a planned class action against the Village. Specifically, the plaintiff allegedly said to them, "I am here to help people fight this" and "I now represent you *pro bono*."

¶ 4     The defendant further asserted that she believed that the plaintiff's envisioned class-action lawsuit concerned purported illegal activities (*i.e.*, unlawful arrest and detention) by the Village's police department. She explained that the plaintiff had inundated the Village with demands under the Freedom of Information Act (5 ILCS 140/1 *et seq.* (West 2016)), seeking the

production of tickets, police reports, and disciplinary-action documents concerning Village police officers. In October 2015, she noted, the plaintiff had staged and videotaped a traffic stop related to the operation of an unmarked contractor work vehicle in the Village. The plaintiff then posted the recording on a Facebook page titled "Justice from Bull Valley Police Department" that he originated. On this page, he encouraged readers to contact him directly for legal advice. The defendant further stated that the plaintiff used the page to harass Village employees and elected officials and their families and to threaten them with litigation.

¶ 5 The defendant additionally stated that the plaintiff had set up an account through the website GoFundMe.com to solicit donations for his planned class-action lawsuit against the Village. The plaintiff had contributed to local news segments and newspaper articles concerning the Village's issuance of citations for unmarked work vehicles. The plaintiff became angry after one of his employees received such a citation. The plaintiff also frequently attended Village board of trustees meetings during which he called for the resignation of certain Village officials.

¶ 6 On March 28, 2016, following an investigation, the ARDC determined that there was insufficient evidence to find that the plaintiff had ever held himself out as an attorney or handled any legal matters.

¶ 7 On April 5, 2016, the plaintiff filed a complaint against the defendant sounding in malicious prosecution. The plaintiff alleged that the defendant had reported him to the ARDC without probable cause or justification.

¶ 8 On March 13, 2017, the plaintiff filed an amended complaint that added a claim of libel. On June 2, 2017, the plaintiff filed a second amended complaint. In it, the plaintiff identified as libelous the following three statements that the defendant had made in her request to the ARDC:

"Mr. Casamento's tactics are consistent with those of people who identify themselves as sovereign citizens: paper terrorism, staged arrests, intimidation tactics and threats on government officials. A known sovereign, Tom Zanzola, who is named as a 'Senator' from Illinois in the 'Republic for the United States,' attended the Village Board meeting in September with Mr. Casamento[.] *** Mr. Zanzola and Elizabeth McGeown Zanzola are regular commenters on Casamento's Facebook page.

\* \* \*

It is my belief that the Village of Bull Valley has been targeted by this group, with the intent to destroy Chief Page and 'bring down' the Village government. Mr. Casamento is 'playing lawyer' to achieve this end.

\* \* \*

Mr. Casamento has a long history of criminal activity in McHenry County."

¶ 9 On June 19, 2017, the defendant filed a motion to dismiss the plaintiff's complaint, pursuant to section 2-619.1 of the Code of Civil Procedure (735 ILCS 5/2-619.1 (West 2016)). As to the malicious-prosecution claim, the defendant asserted that a request for investigation submitted to the ARDC could not serve as a predicate for such a claim. As to the libel claim, the defendant asserted that, pursuant to Rule 775, she was immune from liability for all of her statements in the ARDC request, even those not necessarily pertaining to an unauthorized-practice-of-law charge.

¶ 10 On September 6, 2017, following a hearing, the trial court dismissed, with prejudice, the plaintiff's malicious-prosecution claim. As to the plaintiff's libel claim, the trial court granted in part and denied in part the defendant's motion to dismiss. The trial court found that the defendant's statements alleging that the plaintiff had engaged in the unauthorized practice of law

were subject to Rule 775 immunity. However, the trial court found that the statements that were not related to the unauthorized practice of law were not protected by immunity.

¶ 11    On October 23, 2017, the defendant moved to certify a question of law for interlocutory appeal under Rule 308. On January 4, 2018, the trial court certified the following question:

> "Are statements unrelated to the unauthorized practice of law in a complaint submitted to the Attorney Registration and Disciplinary Commission immunized under Supreme Court Rule 775?"

On April 13, 2018, this court granted the defendant's application for leave to appeal.[1]

¶ 12                                   ANALYSIS

¶ 13    Appellate review of a question of law certified by the trial court is *de novo*. *Reich v. Gendreau*, 308 Ill. App. 3d 825, 828 (1999). This court's examination is generally limited to considering the certified question (*id.*) rather than analyzing the propriety of the underlying order (*P.J.'s Concrete Pumping Service, Inc. v. Nextel West Corp.*, 345 Ill. App. 3d 992, 998-99 (2004)). Nonetheless, where the interests of judicial economy and the need to reach an equitable result so require, a reviewing court can go beyond the scope of a certified question and consider

---

[1] In his appellee's brief, the plaintiff presented his own statement of facts. The defendant requests that the plaintiff's statement of facts be stricken for failing to cite any portion of the record. Although an appellee is not required to present a statement of facts in his brief (Ill. S. Ct. R. 341(i) (eff. May 25, 2018)), if he does, that statement of facts must comply with Illinois Supreme Court Rule 341(h)(6) (eff. May 25, 2018), which requires appropriate references to the record on appeal. As the plaintiff's statement of facts does not comply with Rule 341(h)(6), we strike that portion of his brief. See *Estate of Prather v. Sherman Hospital Systems*, 2015 IL App (2d) 140723, ¶ 32.

the appropriateness of the order giving rise to the appeal. *City of Waukegan v. Environmental Protection Agency*, 339 Ill. App. 3d 963, 972 (2003).

¶ 14 The defense of privilege rests upon the idea that conduct that otherwise would be actionable should escape liability because the defendant is acting in furtherance of some interest of social importance, which is entitled to protection even at the expense of uncompensated harm to the plaintiff's reputation. *Garrido v. Arena*, 2013 IL App (1st) 120466, ¶ 26. If the policy interest is of paramount importance, considerations of policy may require that the defendant's immunity for false statements be absolute, without regard to his purpose or motive or the reasonableness of his conduct. *Edelman, Combs & Latturner v. Hinshaw & Culbertson*, 338 Ill. App. 3d 156, 164 (2003). If it has relatively less weight from a social point of view, the immunity may be qualified and conditioned on good motives and reasonable behavior. *Id.* at 164-65.

¶ 15 At issue here is whether Rule 775 provides an absolute privilege for any statement made to the ARDC in a complaint regarding the unauthorized practice of law. That rule provides:

> "Any person who submits a claim to the Client Protection Program or who communicates a complaint concerning an attorney or allegations regarding the unauthorized practice of law to the Attorney Registration and Disciplinary Commission, or its administrators, staff, investigators or any member of its boards, shall be immune from all civil liability which, except for this rule, might result from such communications or complaint. The grant of immunity provided by this rule shall apply only to those communications made by such persons to the Attorney Registration and Disciplinary Commission, its administrators, staff, investigators and members of its boards." Ill. S. Ct R. 775 (eff. Dec. 7, 2011).

¶ 16     In interpreting a supreme court rule, our review is *de novo. In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998). We interpret the rule so as to give effect to the drafters' intentions. *Id.* at 404-05. In doing so, we use the same guidelines as for statutory interpretation. *Id.* at 404. Thus, we give the words used by the supreme court their plain, ordinary, and popularly understood meanings, as with the words used in statutes. *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 551-52 (2007).

¶ 17     Based on the above principles, we hold that Rule 775 does afford an absolute privilege to all communications made to the ARDC in a complaint regarding the unauthorized practice of law. This is apparent from the supreme court's use of the phrase "shall be immune from all civil liability" in describing what type of immunity one has when filing a complaint with the ARDC regarding the unauthorized practice of law. By using such broad language, it is apparent that the supreme court did not intend that certain statements made to the ARDC would be privileged but others would not.

¶ 18     We observe that courts are reluctant to afford an absolute privilege where there are not safeguards in place to ensure that the privilege is not abused. *Stein v. Krislov*, 2013 IL App (1st) 113806, ¶ 35. However, as immunity under Rule 775 is expressly limited to communications made to the ARDC, and, as all charges made to the ARDC are kept "private and confidential" at the investigation phase, those safeguards are in place. See *Lykowski v. Bergman*, 299 Ill. App. 3d 157, 167 (1998).

¶ 19     We further note that applying an absolute privilege to statements made in a complaint to the ARDC promotes the goal of ensuring that concerns regarding the unauthorized practice of law are shared with the ARDC. See *id.* at 165. In *Lykowski*, the defendant filed a complaint with the ARDC suggesting that the plaintiff was a liar and had engaged in unethical behavior.

*Id.* at 160. The defendant subsequently "leaked" his letter to the ARDC to various newspapers. *Id.* The reviewing court held that the statements made to the newspapers were not subject to an absolute privilege. *Id.* at 166-67. However, the reviewing court determined that the statements made to the ARDC were privileged because "an absolute privilege exists for any statements made during any step preliminary and necessary to a judicial or quasi-judicial proceeding." *Id.* at 165. The reviewing court explained that such a holding ensures "that individuals are in no way discouraged from lodging complaints with the appropriate disciplinary authorities." *Id.*

¶ 20    In *Lykowski*, the reviewing court did not address whether statements unrelated to the specific charges in a complaint submitted to the ARDC were themselves privileged. Nonetheless, we believe that the policy reasons set forth in *Lykowski* as to why the privilege afforded to complaints submitted to the ARDC should be absolute apply equally here. Accordingly, based on the plain language of Rule 775 and the policy reasons set forth in *Lykowski*, we hold that all statements, even those unrelated to the unauthorized practice of law, in a complaint submitted to the ARDC are immunized under Rule 775.

¶ 21    In so ruling, we reject the plaintiff's attempt to analogize the narrower privilege afforded in judicial proceedings to the privilege afforded pursuant to Rule 775. As explained in *Malevitis v. Friedman*, 323 Ill. App. 3d 1129, 1131 (2001), the scope of the judicial-proceedings privilege is set forth in section 587 of the Restatement (Second) of Torts, which provides in pertinent part:

> "A party to a private litigation *** is absolutely privileged to publish defamatory matter concerning another *** during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." Restatement (Second) of Torts § 587, at 248 (1977).

The plaintiff argues that, just as judicial-proceedings immunity for defamatory matter is premised on there being some relationship between the matter at issue and the judicial proceedings, we should also find that there is an identical limitation to the immunity afforded under Rule 775.

¶ 22    The problem with the plaintiff's argument is that Rule 775 does not state that the claims in a complaint to the ARDC must have "some relation to the proceeding" in order to be privileged.  This is likely because, although matters filed in court generally become part of the public record, requests to investigate filed with the ARDC remain confidential.  Accordingly, absent any language in Rule 775 that a request to investigate must have "some relation to the proceeding," there is no basis for this court to read a restriction into the rule.  See *Rennick*, 181 Ill. 2d at 405.

¶ 23    Finally, we reject the plaintiff's request that we review the merits of the trial court's order and find that the trial court properly denied the defendant's motion to dismiss his complaint.  As noted above, our review of a certified question is generally limited to reviewing that question certified (*Reich*, 308 Ill. App. 3d at 828) rather than considering the underlying merits of the case.  Absent any compelling reason, we decline the plaintiff's invitation to consider any of the rulings the trial court made beyond the question it certified.

¶ 24                                CONCLUSION

¶ 25    For the reasons stated, we answer the certified question in the affirmative.

¶ 26    Certified question answered.