Docket No. 81930–Agenda 19–May 1997.

ARDIS LICCARDI 
et al
. v. STOLT TERMINALS, INC., 
et al.
 (Stolt Terminals, Inc., Appellee, v. Gundersen/Viking, Inc., Appellant).

Opinion filed September 25, 1997.

JUSTICE HARRISON delivered the opinion of the court:

This appeal is before the court on a certificate of importance from the First District of the Appellate Court. 155 Ill. 2d R. 316. Two questions are presented for our consideration: (1) whether an employer may contractually waive the cap on contribution liability recognized by this court in 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155 (1991), and (2) whether the contractual provisions in this case do waive the 
Kotecki
 cap or are, instead, void and unenforceable under the Construction Contract Indemnification for Negligence Act (740 ILCS 35/0.01 
et seq.
 (West 1994)) on the grounds that they require the employer to indemnify a third party for the third party's own negligence. For the reasons that follow, we continue to hold, as we did in 
Braye v. Archer-Daniels-Midland Co.
, 175 Ill. 2d 201 (1997), that an employer may enter into a valid and enforceable contractual agreement to waive the 
Kotecki
 limitation on an employer's contribution liability. We further conclude that one of the contractual provisions in this case is valid and does operate to waive the 
Kotecki
 cap.

These are the facts. Stolt Terminals (Stolt) hired Gundersen/Viking, Inc. (Gundersen), to clean the interior of one of its storage tanks. During the course of the cleaning operation, Arthur Farmer, a Gundersen employee, was knocked from the scaffolding where he was working. Farmer died from his injuries, and his family sued Stolt under the Structural Work Act (740 ILCS 150/0.01 
et seq.
 (West 1994)).

Stolt subsequently brought a third-party action against Gundersen. Stolt's complaint was in three counts. Counts I and II were based on the provisions of the written contract between Gundersen and Stolt for the cleaning work. Count I invoked paragraph seven of the contract, which states:

“If Vendor performs services *** hereunder, Vendor agrees to indemnify and hold harmless Stolt Terminals (Chicago) Inc. from all loss or the payment of all sums of money by reason of all accidents, injuries, or damages to persons or property that may happen or occur in connection therewith.”

According to Stolt, this paragraph obligated Gundersen to indemnify Stolt for all costs, fees losses or payments incurred by or awarded against Stolt in the underlying proceeding “to the extent said costs, fees losses or payments are the proximate result of the wrongful acts or omissions of [Gundersen].”

 Count II sought damages based on Gundersen's alleged breach of paragraph eight of the complaint, which provides:

“Vendor represents and warrants that no Federal or State Statute or regulation, or Municipal Ordinance, has been or will be violated in the manufacturing, sale, and delivery of any article or service sold and delivered hereunder, and if such violation has or does occur, Vendor shall indemnify and hold harmless Stolt Terminals (Chicago) Inc. from all loss, penalties, or the payment of all sums of money on account of such violation.”

Unlike counts I and II, count III of Stolt's third-party complaint was not premised on the parties' contract. It asserted a contribution claim against Gundersen for that portion of any damage award received by plaintiffs attributable to Gundersen's acts or omissions.

Gundersen moved to strike certain portions of count III, asserting that under this court's decision in 
Kotecki v. Cyclops Welding Co.
, 146 Ill. 2d 155 (1991), Gundersen's contribution liability could not exceed the amount of workers' compensation benefits paid in connection with Farmer's injury and death. The circuit court granted Gundersen's motion in part, agreeing that 
Kotecki
 limited the company's contribution liability to the amount of its workers' compensation liability.

Stolt moved for reconsideration, arguing that through its contract with Stolt, Gundersen had waived the 
Kotecki 
limitations on its contribution liability. Gundersen, in turn, moved for summary judgment as to counts I and II of Stolt's third-party complaint, asserting that the contractual provisions on which those counts were based violated the Construction Contract Indemnification for Negligence Act (740 ILCS 35/0.01 
et seq
. (West 1994)), which provides:

“With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.” 740 ILCS 35/1 (West 1994).

The circuit court agreed with Gundersen's argument and granted its motion for summary judgment as to counts I and II. In the same order, the court denied Stolt's motion for reconsideration, adhering to its previous determination that 
Kotecki
 limited the company's contribution liability to the amount of its workers' compensation liability. Because Gundersen had tendered its workers' compensation lien to the court, the court further held that Stolt's contribution claim, set forth in count III, should be dismissed with prejudice.

In disposing of these matters, the court made an express written finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal. Stolt thereupon appealed to the appellate court. In that appeal, Stolt did not take issue with the circuit court's entry of summary judgment against it on counts I and II of its third-party complaint. Rather, it challenged only the court's determination that 
Kotecki
 limited Gundersen's contribution liability to the amount of its workers' compensation liability and that Gundersen was therefore entitled to dismissal of Stolt's contribution claim in count III after tendering its workers' compensation lien.

The appellate court reversed and remanded. 283 Ill. App. 3d 141. Following 
Herington v. J.S. Alberici Construction Co.,
 266 Ill. App. 3d 489 (1994), and 
Braye v. Archer-Daniels-Midland Co., 
276 Ill. App. 3d 1066 (1995), 
aff'd in part, rev'd in part
, 175 Ill. 2d 201 (1997), the court accepted Stolt's argument that an employer can, by contract, elect to waive the contribution limit available to it under 
Kotecki
. The court further determined that Gundersen had waived that limit under its contract with Stolt here.

In reaching this conclusion, the court looked to the same provisions of the contract that were at issue in counts I and II of Stolt's third-party complaint and the subject of Gundersen's successful motion for summary judgment. The appellate court agreed with the circuit court that paragraph seven, the contractual provision involved in count I, was void and unenforceable under the Construction Contract Indemnification for Negligence Act because it allowed Stolt to be indemnified for its own negligence. The court opined, however, that paragraph eight, the provision at issue in count II, was, in effect, a call for contribution rather than indemnity; that it was not invalid under the Act; and that its effect was to permit contribution from Gundersen unrestricted by the workers' compensation liability cap.

On Gundersen's application, the appellate court granted a certificate of importance pursuant to Supreme Court Rule 316 (155 Ill. 2d R. 316), and the matter is now before us for review. As noted at the outset of this disposition, two basic issues have been presented to us. First is the question of whether an employer may contractually waive the cap on contribution liability recognized by this court in 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155 (1991). This issue will not detain us for long, because it has already been decided by our court. In the recent case of 
Braye v. Archer-Daniels-Midland Co.
, 175 Ill. 2d 201 (1997), we held, as did the appellate court here, that an employer may relinquish by contract the liability limitation set forth in 
Kotecki
. We continue to adhere to that view.

The second issue before us is whether the particular contractual provisions in this case operated as a waiver of the 
Kotecki
 cap on Gundersen's contribution liability or whether
 
they are void and unenforceable under the Construction Contract Indemnification for Negligence Act on the grounds that they require Gundersen to indemnify Stolt for Stolt's own negligence. In addressing this issue, we begin by noting an anomaly that the appellate court overlooked, but that will seem obvious once we point it out.

In order to have a contractual waiver of the 
Kotecki
 cap, there must, of course, be some valid contractual provision by which the waiver is made. In this case, Stolt's claim of contractual waiver is founded exclusively on paragraphs seven and eight of its agreement with Gundersen. As we have previously indicated, however, the trial court adopted Gundersen's argument that paragraphs seven and eight were void and unenforceable under the Construction Contract Indemnification for Negligence Act. That is the very reason why the court granted summary judgment in favor of Gundersen and against Stolt on counts I and II of Stolt's counterclaim.

Once the court entered summary judgment against Stolt and entered its written finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)), making the judgment appealable, it was incumbent on Stolt to appeal the court's disposition of counts I and II if it believed that paragraphs seven and eight of contract were, in fact, valid. This is so because, as a general rule, the failure of a party to challenge a legal decision when it has the opportunity to do so renders that decision “ `the law of the case for future stages of the same litigation, and [that party is] deemed to have waived the right to challenge that decision at a later time.' ” See 
Aardvark Art, Inc. v. Lehigh/Steck-Warlick
, 284 Ill. App. 3d 627, 632 (1996), quoting 
Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 
810 F.2d 243, 250 (D.C. Cir. 1987); 
Baird & Warner, Inc. v. Gary-Wheaton Bank
, 122 Ill. App. 3d 136, 138-39 (1984).

When Stolt chose not appeal to the court's judgment as to counts I and II, thereby rendering the court's decision on those counts the law of the case and precluding Stolt from assailing the invalidity of the contractual provisions at issue in those counts, there was no longer any basis for Stolt's claim under count III that Gundersen had contractually waived the 
Kotecki
 cap on its contribution liability. If the provisions were void and unenforceable for the purposes of counts I and II, they were void and unenforceable for the purposes count III as well. There is no legal or factual basis for differentiating the situations. Accordingly, Stolt should not have been permitted to contend on appeal that paragraphs seven and eight were valid and sufficient to waive the 
Kotecki
 cap on Gundersen's contribution liability.

Having noted this inconsistency, we also note that the inconsistency was not raised by Gundersen in the appellate court and has not been raised by Gundersen in our court. To the contrary, Gundersen has proceeded as if the problem is nonexistent. At every stage of the appellate process, it has willingly addressed the merits of Stolt's arguments regarding the validity of the contractual provisions. Under these circumstances, and considering that the law of the case doctrine is not a limit on the court's power (
People v. Patterson
, 154 Ill. 2d 414, 468-69 (1992)), we believe that Gundersen has waived any right to complain that Stolt's arguments were not properly before the appellate court and should not be considered by us.

Turning then to the merits of Stolt's contractual waiver claims, we agree with the appellate court that the circuit court's judgment should be reversed and the cause remanded, but we reach this conclusion for a different reason. The appellate court agreed with the circuit court that paragraph seven of Gundersen's contract with Stolt is void and unenforceable under the Construction Contract Indemnification for Negligence Act, but reversed and remanded based on paragraph eight. Our analysis differs. In our view, paragraph seven is valid and there is no need to address paragraph eight.

Paragraph seven states:

“If Vendor performs services *** hereunder, Vendor agrees to indemnify and hold harmless Stolt Terminals (Chicago) Inc. from all loss or the payment of all sums of money by reason of all accidents, injuries, or damages to persons or property that may happen or occur in connection therewith.”

In reviewing this provision, the appellate court opined that there is nothing in the provision's language that would prevent Gundersen from indemnifying Stolt for its own negligence, nor is there anything that calls for distribution of loss according to relative culpability. 283 Ill. App. 3d at 148. Although there is merit to the appellate court's view, our recent decision in 
Braye v. Archer-Daniels-Midland Co.
, 175 Ill. 2d 201, demonstrates that the literal terms of a contract are not necessarily dispositive on the issue of whether it is void under the Construction Contract Indemnification for Negligence Act. In 
Braye
 we emphasized that a contract should not be deemed illegal unless it is expressly contrary to the law or public policy. The law and the public policy of Illinois permit and require that competent parties be free to contract with one another. Whether a contract violates public policy depends on the peculiar facts and circumstances of each case, as well as the language of the contract itself. 
Braye, 
175 Ill. 2d at 215-16.

In upholding the contract at issue in 
Braye
, this court relied on the well-established principle of contract law that statutes and laws in existence at the time a contract is executed are considered part of the contract. The parties are presumed to have entered into their agreement with knowledge of the existing law. In addition, “a construction of a contract which renders the agreement enforceable rather than void is preferred.” 
Braye,
 175 Ill. 2d at 217.

As was the case with the third-party plaintiff in 
Braye
, we believe that at the time of the parties' contract in this case, Stolt was presumed to know that indemnity promises in construction contracts are void in violation of public policy and that a court would not enforce any contractual language that would suggest such a promise. Moreover, there is no indication that Stolt ever believed that the contract here entitled it to indemnification for its own negligence. To the contrary, it is clear from the specific allegations in count I of Stolt's third-party action that Stolt understood paragraph seven as authorizing recovery from Gundersen of the costs, fees, losses or payments incurred by or awarded against Stolt in the underlying proceeding only “to the extent said costs, fees losses or payments are the proximate result of the wrongful acts or omissions of [Gundersen].”

Because Stolt did not construe paragraph seven as relieving it of liability for its own acts or omissions, that paragraph did not extinguish Stolt's incentive to exercise due care, and the primary purpose behind the Construction Contract Indemnification for Negligence Act was not implicated. Accordingly, paragraph seven is not void under the Act and can be invoked by Stolt to establish a waiver of the cap to which Gundersen would otherwise be entitled under 
Kotecki
. 
Braye
, 175 Ill. 2d at 217-18.

Having reached this conclusion, there is no need to address the validity of paragraph eight concerning the violation of state or federal statutes or regulations or municipal ordinances. The only statute, regulation or ordinance at issue in this case is the Structural Work Act, and under the facts alleged here, any liability Gundersen might have to Stolt under paragraph eight it would also have under paragraph seven. As a result, if paragraph seven is sufficient to waive the 
Kotecki
 cap, that is all that is necessary. It does not matter that the cap might be waived by paragraph eight as well.

In sum, we agree with the appellate court that 
Kotecki 
cap can be waived by contract, that the contract here contained a valid waiver of the 
Kotecki
 cap, that the circuit court therefore erred in dismissing count III of Stolt's third-party complaint based on 
Kotecki
, and that the cause should be remanded to the circuit court for further proceedings.

For the foregoing reasons, the judgment of the appellate court is affirmed.

Affirmed.