No. 2--99--1337

_________________________________________________________________ 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

MICHAEL NICHOLAS, INC., ) Appeal from the Circuit Court

                  ) of Lake County.

     Plaintiff-Appellant,       )

                                ) 

v. ) No. 99--L--554

)

ROYAL INSURANCE COMPANY OF      )

AMERICA,                        )  Honorable 

) Charles F. Scott,

Defendant-Appellee. ) Judge, Presiding.

_________________________________________________________________

JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, Michael Nicholas, Inc., appeals the circuit court's order dismissing its complaint against defendant, Royal Insurance Company of America (Royal).  Plaintiff contends that the court erred in determining that Royal had no duty to defend or indemnify it in an underlying action filed by Kimball Hill, Inc.

BACKGROUND

Plaintiff was a subcontractor at Willoughby Farms, a subdivision Kimball Hill was developing.  On June 4, 1993, an employee of plaintiff, Anthony Bauer, was injured while working at Willoughby Farms.  Bauer sued Kimball Hill alleging violations of the Structural Work Act (740 ILCS 150/0.01 
et seq.
 (1994) (repealed by Pub. Act 89--2, §5, eff. February 14, 1995)) and negligence.  Kimball Hill, in turn, sued plaintiff, alleging that plaintiff's negligence or wilful and wanton conduct caused Bauer's injuries.  Kimball Hill sought either complete indemnification or contribution based on its contract with plaintiff.

Plaintiff tendered defense of the action to Royal.  Royal refused to provide a defense, citing the "employee exclusion" in the policy.  Plaintiff requested Royal to reconsider, asserting that the exception for insured contracts applied, but Royal again rejected the tender of defense.

Plaintiff then sued Royal, seeking a declaratory judgment that the policy required Royal to defend and indemnify plaintiff in the underlying suit.  Plaintiff alleged that it had incurred $18,000 in attorney fees and costs defending the underlying action.  It eventually settled the underlying action for $165,000.

The trial court granted Royal's motion to dismiss the complaint, finding that the exclusion for employee injuries applied.  Relying on 
Hankins v. Pekin Insurance Co.
, 305 Ill. App. 3d 1088 (1999), the court concluded that plaintiff's contract with Kimball Hill was not an "insured contract" so as to bring it within the exception in the policy for such contracts.  Plaintiff filed a timely notice of appeal.

ANALYSIS

Paragraph 13 of the contract between plaintiff and Kimball Hill, which refers to plaintiff as "S-C," provides as follows:

" 'S-C' shall indemnify and hold harmless the Owner [Kimball Hill] and all of its agents and employees from and against all claims, damages, losses and expenses *** attributable to bodily injury, sickness, disease, death, or to injury to or destruction of tangible property caused in whole or in part by any negligent act or omission or [
sic
] 'S-C' ***."

Plaintiff purchased a general comprehensive liability policy from Royal.  The issue in this case turns on the interplay between two coverage exclusions and an exception that applies to both exclusions.  Exclusion e provides:

"e. 'Bodily injury' to:

(1) An employee of the insured arising out and in the course of employment by the insured; or

(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

This exclusion applies:

(1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury."

Exclusion b provides:

"b. 'Bodily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."

Both of the foregoing exclusions contain an exception that provides that the exclusions do not apply to liability assumed by the insured under an "insured contract," which is defined as:

"That part of any other contract or agreement pertaining to your business *** under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."

Initially, we hold that the language of the exception and 
the exclusions is ambiguous.  We find this ambiguity with regard to both exclusions but note that the ambiguity is blatant with regard to the interplay between exclusion b and the exception.  Read together, exclusion b and the exception essentially state that there is no coverage for obligations that arise by reason of the assumption of liability in a contract or agreement unless the policyholder assumes the tort liability of another party pursuant to a contract or agreement.

Royal argues that the exclusions apply because plaintiff's agreement (quoted above
) to indemnify and hold Kimball Hill harmless from plaintiff's negligence is not an insured contract.  For the reasons that follow, we find that the policy language is not only ambiguous but that upon careful analysis the construction which favors plaintiff is more logical irrespective of the principle that ambiguous language is construed in favor of the policy holder.

Plaintiff argues that, although Bauer was its employee and it had assumed liability by contract, its contract with Kimball Hill was an "insured contract" so that the exception to the exclusions applies.  Plaintiff maintains that, at the very least, Kimball Hill's complaint potentially fell within the exception.  Because Royal did not defend under a reservation of rights or seek a declaratory judgment that coverage did not apply, it is now estopped to deny coverage.  Finally, plaintiff argues that 
Hankins
 does not govern this case because insured contracts of the type contemplated by that decision are illegal in the construction industry and, therefore, the coverage allegedly provided by Royal's policy is illusory.

Royal responds that the policy unambiguously defines "insured contract" as one in which the insured is obligated to indemnify another party for that party's own negligence.  Royal also argues that the fact that an exception does not apply here does not render the coverage illusory.  Moreover, because the policy clearly excludes this claim, Royal is not estopped from denying coverage.

A complaint should be dismissed under section 2--615 of the Code of Civil Procedure (735 ILCS 5/2–615 (West 1998)) only when it clearly appears that no set of facts could be proved under the pleadings that would entitle plaintiff to relief.  
Ogle v. Fuiten
, 102 Ill. 2d 356, 360-61 (1984).  Because the question presented by a section 2--615 motion is one of law, this court's review is 
de novo
.  
Lukwinski v. Stone Container Corp.
, 
312 Ill. App. 3d 385, 388 (2000).

The construction of an insurance policy is a question of law.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108 (1992).
  In construing a policy, the court must ascertain the intent of the parties to the contract.  The court must construe the policy as a whole, with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract.   If the words are unambiguous, a court must afford them their plain, ordinary, and popular meaning.  However, if they are susceptible to more than one reasonable interpretation, they are ambiguous and will be construed in favor of the insured and against the insurer who drafted the policy.  
Outboard Marine
, 154 Ill. 2d at 108-09.

In 
Hankins
, the Fifth District adopted the definition of an insured contract that Royal urges here.  In interpreting an essentially identical provision, the court held that an "insured contract" is one that provides for one of the contracting parties to assume someone else's tort liability.  The court equated "tort liability" with "negligence liability."  In other words, an insured contract is one where one of the parties agrees to indemnify the other against that party's own negligence.  
Hankins
, 305 Ill. App. 3d at 1093.

The 
Hankins
 court observed that a contract will not be construed as indemnifying one against its own negligence unless the contract clearly expresses that intention.  The contract in that case plainly provided that Hankins was indemnifying the other party only against Hankins' own negligence.  Thus, the exception in the policy for "insured contracts" did not provide coverage.  
Hankins
, 305 Ill. App. 3d at 1093.

Plaintiff argues that under the policy's definition of "insured contract," tort liability is not limited to negligence or fault-based liability and that liability may be imposed on a party in a tort action without regard to that party's fault or negligence.  For example, if two defendants are jointly and severally liable for an injury and one becomes judgment-proof, the solvent defendant will have to pay the entire judgment regardless of its degree of fault.

Plaintiff further contends that under 
Kotecki v. Cyclops Welding Corp.
, 146 Ill. 2d 155 (1991), its "tort liability" for Bauer's injuries would be limited to the amount of its worker's compensation liability.  However, because it waived the "
Kotecki
 cap" (see 
Liccardi v. Stolt Terminals, Inc.
, 178 Ill. 2d 540, 550 (1997), it was potentially liable for the entire amount Kimball Hill was required to pay Bauer, in other words, for Kimball Hill's "tort liability."

We agree with plaintiff.  Although Royal insists that "tort liability" must be equated with "negligence liability," nothing in the policy's definitions so states.  If Royal had wanted to limit the definition of an insured contract to a situation where one party agrees to assume liability for another party's own negligence, it could have plainly said so, but it did not.  By defining "insured contract" in terms of assuming another party's "tort liability," Royal left open the possibility that its insured could agree to be responsible for another party's liability in a tort action even if that liability was not based on that party's own negligence.  That portion of Kimball Hill's liability to Bauer (which was assumed by plaintiff pursuant to its 
Kotecki
 waiver) that is attributable to plaintiff's negligence is in fact imposed on Kimball Hill by law, 
i.e.
, joint and several liability.  See 
Burke v. 12 Rothchild's Liquor Mart, Inc.
, 148 Ill. 2d 429, 452 (1992).

Ambiguous terms in an insurance policy generally are construed strictly against the drafter and in favor of coverage.  
Outboard Marine
, 154 Ill. 2d at 119.  The reason for this rule is twofold:  (1) the intent of an insured in purchasing an insurance policy is to obtain coverage, and therefore any ambiguity jeopardizing such coverage should be construed consistent with the insured's intent;  and (2) the insurer is the drafter of the policy and could have drafted the ambiguous provision clearly and specifically.  See 
Elson v. State Farm Fire & Casualty Co.
, 295 Ill. App. 3d 1, 11 (1998).  We find that the definition of "insured contract" is ambiguous and should be construed liberally in favor of coverage.

Hankins
 does not explain the rationale for its holding that "tort liability" must be equated with "negligence liability."  Whatever the validity of that construction based on the facts of that case, it cannot apply here.  Royal does not dispute that plaintiff is in the construction industry and the contract in question is a construction contract.  Under the Construction Contract Indemnification for Negligence Act, "every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable."  740 ILCS 35/1 (West 1998).  If Royal's construction of the "insured contract" exception applies, it is difficult to envision any situation where the exception would apply in plaintiff's line of work because if plaintiff ever agreed to indemnify another party for its own negligence, the contract would be unenforceable. 

Generally, courts will not construe a policy in a way that renders the coverage provided of no value to the insured.  
Glazewski v. Coronet Insurance Co.
, 108 Ill. 2d 243, 250 (1985); 
American Country Insurance  Co. v. Cline
, 309 Ill. App. 3d 501, 511 (1999).  Of course, we are here dealing with an exception to an exclusion, which need not be interpreted as providing coverage or an additional basis for coverage in any given situation.  See 
JG Industries, Inc. v. National Union Fire Insurance Co.
, 218 Ill. App. 3d 1061, 1066 (1991); 
Qualls v. County Mutual Insurance Co.
, 123 Ill. App. 3d 831, 834 (1984).  Nevertheless, the general rule of construction against the drafter and in favor of coverage where a provision is ambiguous still applies.  See 
Outboard Marine
, 154 Ill. 2d at 119.

Moreover, the policy should not be construed in a factual vacuum.  The status of the insured and all other pertinent factual circumstances must be considered in connection with the construction of an insurance policy.  
Jensen v. New Amsterdam Insurance Co.
, 65 Ill. App. 2d 407, 415 (1965). "In determining if an ambiguity exists, the court should consider the subject matter of the contract, the facts surrounding its execution, the situation of the parties and predominate purpose of the contract which is to indemnify the insured."  
Illinois Central Gulf R.R. v. Continental Casualty Co.
, 132 Ill. App. 3d 310, 313 (1985), citing 
Dora Township v. Indiana Insurance Co.
, 78 Ill. 2d 376 (1980); 
State Farm Fire & Casualty Co. v. Moore
, 103 Ill. App. 3d 250 (1981), 
appeal denied
, 91 Ill. 2d 565 (1982).  "What at first blush might appear unambiguous in the insurance contract might not be such in the particular factual setting in which the contract was issued."  
Glidden v. Farmers Automobile Insurance Ass'n.
, 57 Ill. 2d 330, 336 (1974) citing 
Jensen
, 65 Ill. App. 2d at 415.  In light of the fact that plaintiff is in the construction business, the parties must have reasonably anticipated that most of its contracts would involve construction, where indemnifying another party for that party's negligence is forbidden by statute.  To interpret the policy as Royal suggests would defeat the plaintiff's reasonable expectations of coverage in those situations.  In addition, such a construction would essentially render the exception meaningless, in violation of accepted contract construction principles.  See 
USG Corp. v. Sterling Plumbing Group, Inc.
, 247 Ill. App. 3d 316, 320 (1993) (court will not interpret a contract in a manner that would render any provision meaningless).  Although the trial court understandably felt bound by 
Hankins
, the court erred in holding that the policy provision in question unambiguously excluded coverage.

Because the facts alleged by Kimball Hill in the underlying suit were at least potentially within the policy's coverage, Royal was required to defend plaintiff in the suit filed by Kimball Hill.  If the underlying complaint alleges facts even potentially within the policy's coverage, the insurer has a duty to defend.  
Tanns v. Ben A. Borenstein & Co.
, 293 Ill. App. 3d 582, 586 (1997).  Moreover, because Royal neither provided coverage under a reservation of rights nor sought its own declaratory judgment that coverage did not apply, it is now estopped to deny coverage.  See 
Employers Insurance v. Ehlco Liquidating Trust
, 186 Ill. 2d 127, 150-51 (1999).

The judgment of the circuit court of Lake County dismissing plaintiff's complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

BOWMAN and RAPP, JJ., concur.