VIRGINIA SURETY COMPANY, INC., Plaintiff-Appellant, v. NORTHERN INSURANCE COMPANY OF NEW YORK *et al.*, Defendants-Appellees.

Third District   No. 3—04—0701

Opinion filed December 22, 2005.

Joseph A. Namikas and Gregory G. Vacala (argued), both of Rusin, Maciorowski & Friedman, Ltd., of Chicago, for appellant.

Francis A. Spina (argued) and Heather B. Stewart, both of Cremer, Kopon, Shaunessy & Spina, L.L.C., of Chicago, for appellee Northern Insurance Company of New York.

JUSTICE LYTTON delivered the opinion of the court:
Both plaintiff, Virginia Surety Company, Inc., and defendant,

Northern Insurance Company, insured De Graf Concrete Construction, Inc. Plaintiff filed a declaratory judgment action, seeking a declaration that defendant had a duty to defend and indemnify De Graf with respect to a third-party complaint filed by Capital Construction Group, Inc., against De Graf. Plaintiff and defendant filed motions for summary judgment. The trial court granted defendant's motion. We affirm.

## I. FACTS

Capital was the general contractor at a construction site. Capital hired De Graf to work as a subcontractor at the site. Section 4.6.1 of the contract between Capital and De Graf contained the following indemnification provision:

> "To the fullest extent permitted by law, the Subcontractor WAIVES ANY RIGHT OF CONTRIBUTION AGAINST AND shall indemnify and hold harmless, the Owner, Contractor, Architect, Architect's consults, and agents and employees of any of them from and against claims, damages losses and expenses \*\*\* arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use therefrom WHICH IS caused in whole or in part by negligent acts or omissions of the Subcontractor, the Subcontractor's subcontractors, anyone directly or indirectly e,.iployed by them or any for whose acts they may be liable, regardless of whether or not such claim, loss or expenses is caused in part by a party indemnified hereunder."

The contract between Capital and De Graf also required De Graf to obtain a commercial general liability (CGL) policy of insurance. De Graf obtained a CGL policy from defendant. The CGL policy contained, in pertinent part, the following employer's liability exclusion:

> "This insurance does not apply to:
> \* \* \*
> 'Bodily injury' to:
> (1) An 'employee' of the insured arising out of and in the course of:
> (a) Employment of the insured; or
> (b) Performing duties related to the conduct of the insured's business[.]
> \* \* \*
> This exclusion applies:
> (1) Whether the insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury. This exclusion does not apply to liability as assumed by the insured under an 'insured contract.' "

"[I]nsured contract" is defined as:

"That part of any other contract pertaining to your business *** under which you assume the tort liability of another party to pay for 'bodily injury,' 'property damage' or 'personal liability' to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement."

In addition to the CGL policy issued by defendant, De Graf obtained a worker's compensation and employer's liability policy from plaintiff.

James Smith, an employee of De Graf, was injured while working at the construction site. Smith sued Capital to recover for his injuries. Capital filed a third-party complaint against De Graf, seeking contribution. Capital's complaint alleged that De Graf committed 10 negligent acts or omissions that caused James Smith's injuries. The complaint specifically referenced the "Illinois Contribution Among Joint Tortfeasors Act" and requested the following relief

"in the event judgment is entered in favor of the plaintiff, James Smith, and against the defendant/third-party plaintiff, Capital Construction Group, Inc., on plaintiff's First Amended Complaint at Law, then in that event judgment should be entered against the third-party/defendant, De Graf Concrete Construction, Inc., in such amount by way of contribution as permitted by law."

De Graf tendered the defense of the complaint to plaintiff and defendant. Plaintiff accepted the tender, but defendant refused to defend or indemnify De Graf pursuant to the employer's liability exclusion in its CGL policy. Plaintiff filed a declaratory judgment action, seeking a declaration that defendant had a duty to defend and indemnify De Graf in the contribution action.

Both plaintiff and defendant filed motions for summary judgment. The trial court granted defendant's motion.

## II. ANALYSIS

Summary judgment is proper where the pleadings, depositions and admissions reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(d) (West 2004). Where both parties file cross-motions for summary judgment, the parties agree that no material issue of fact exists and that only a question of law is involved. *Board of Education v. Cunningham*, 346 Ill. App. 3d 1027, 1030, 806 N.E.2d 1219, 1221 (2004). We review a grant of summary judgment *de novo.*

*City of Chicago v. Holland*, 206 Ill. 2d 480, 487, 795 N.E.2d 240, 245 (2003). We can affirm the trial court's ruling on any basis in the record. *Ashley v. Pierson*, 339 Ill. App. 3d 733, 737, 791 N.E.2d 666, 670 (2003).

Whether an insurer has a duty to defend depends on whether the allegations in the complaint trigger the relevant provisions of the insurance policy. See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 107-08, 607 N.E.2d 1204 (1992).

Here, plaintiff argues that the Second District's decisions of *Michael Nicholas, Inc. v. Royal Insurance Co. of America*, 321 Ill. App. 3d 909, 748 N.E.2d 786 (2001), and *West Bend Mutual Insurance Co. v. Mulligan Masonry Co.*, 337 Ill. App. 3d 698, 786 N.E.2d 1078 (2003), require defendant to defend De Graf. In those cases, the Second District ruled that the definition of "insured contract" was ambiguous and had to be construed liberally in favor of coverage. Defendant responds that the Fourth District's decision of *Hankins v. Pekin Insurance Co.*, 305 Ill. App. 3d 1088, 713 N.E.2d 1244 (1999), establishes that the indemnity provision at issue is not an "insured contract."

However, we need not look to these decisions for guidance, as the procedural posture of this case differs from those cases. Unlike the third-party plaintiffs in *Hankins*, *Royal* and *Mulligan*, Capital did not file a claim for indemnification against De Graf.

In its third-party complaint, Capital sought contribution for the negligent acts and omissions committed by De Graf itself. The third-party complaint did not contain a claim against De Graf for indemnification based on Capital's own acts of negligence.

■ Claims for contribution differ from claims for indemnity:

"There is an important distinction between contribution, which distributes the loss among the tortfeasors by requiring each to pay his proportionate share, and indemnity, which shifts the entire loss from one tortfeasor who has been compelled to pay it to the shoulders of another who should bear it instead." W. Prosser, Torts § 51, at 310 (4th ed. 1971).

■ An "insured contract" exception to an employer's liability exclusion only applies when one contracting party agrees to indemnify the other contracting party from and against the other party's own negligence. *Hankins*, 305 Ill. App. 3d at 1092-93. For the exception to apply, De Graf must have "assume[d] the tort liability of another party to pay for 'bodily injury.' " Thus, the "insured contract" issue is joined only when indemnification is sought.

■ Here, Capital's third-party complaint does not request that De Graf indemnify Capital for Capital's negligence. The complaint only alleges that De Graf should pay for its own negligence. Thus, the complaint does not trigger the "insured contract" exception contained

in the CGL policy, and defendant does not have a duty to defend De Graf. See *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 107-08, 607 N.E.2d 1204 (1992).

## III. CONCLUSION

The judgment of the circuit court of Will County is affirmed.

Affirmed.

BARRY and HOLDRDIGE, JJ., concur.