Rule 23 order filed
August 17, 2006;
Motion to publish granted
September 26, 2006.

NO. 5-05-0456

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| DIANA J. BLACKSHARE, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff, | ) Williamson County. |
| | ) |
| v. | ) No. 00-L-218 |
| | ) |
| RONALD BANFIELD, ROGER SNOW, | ) |
| GERALD L. JONES, SOUTHERN ILLINOIS | ) |
| POWER COOPERATIVE, and GENERAL | ) |
| ELECTRIC COMPANY, | ) |
| | ) |
| Defendants | ) |
| | ) |
| (Southern Illinois Power Cooperative, Third- | ) Honorable |
| Party Plaintiff-Appellee, v. Keith Martin, | ) John Speroni, |
| Inc., Third-Party Defendant-Appellant). | ) Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

This third-party action was brought by Southern Illinois Power Cooperative (SIPC) against Keith Martin, Inc. (Keith Martin), for contribution and indemnification arising out of a written contract between the parties relating to electrical work at a power-generating station owned by SIPC. Keith Martin filed a motion to strike SIPC's prayer for relief, in which SIPC sought complete indemnity from Keith Martin, including for SIPC's own negligence. The circuit court of Williamson County denied the motion after concluding that pertinent language in the contract was sufficient to entitle SIPC to complete indemnification if Keith Martin were found to be at least partially at fault. The circuit court further certified the following question for review by this court:

"Does the contractual indemnity clause relied on by Southern Illinois Power

1

Cooperative, which states:

>'Contractor shall defend and indemnify and save Owner and all of Owner's employees harmless from any and all claims, losses, damages, demands, suits, actions, payments, judgment, costs[,] and expenses, including attorneys' fees, arising or alleged to arise from personal injuries, including death, or damage to property, occurring during the performance of the work and due to the negligent acts or omissions of the Contractor'

allow Southern Illinois Power Cooperative to recover indemnity from Keith Martin, Inc., if Keith Martin, Inc.[,] is found guilty of any negligence which proximately caused injury to [employee]?"

On February 24, 2000, SIPC and Keith Martin entered into a written contract relating to electrical work at a power-generating station owned by SIPC in Marion, Illinois. On April 14, 2000, one of Keith Martin's employees, while attempting to clean a circuit breaker/motor control unit at the plant, was severely injured. The employee brought suit against SIPC, one of SIPC's employees, and General Electric Company (the alleged manufacturer of the circuit breaker/motor control unit). SIPC, in turn, filed a third-party complaint against Keith Martin seeking contribution and indemnification. The employee eventually settled her claim against SIPC as well as her workers' compensation claim against Keith Martin. Keith Martin subsequently filed a motion for a summary judgment with respect to SIPC's third-party complaint. The circuit court dismissed one count of the complaint but refused to dismiss the contractual indemnity claim. The court specifically held that the contractual indemnity clause relied on by SIPC did not violate the Construction Contract Indemnification for Negligence Act (740 ILCS 35/1 (West 2000)), because the contract was not a contract for the construction, alteration, repair, or maintenance of a building or structure and therefore allowed SIPC to recover indemnity from Keith Martin if Keith Martin were guilty of any

2

negligence that proximately caused injuries to the employee. The court then entered an agreed order certifying the above question of law for appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308) after finding that an immediate appeal from this matter would materially advance the ultimate termination of the litigation. We initially note that an appeal under Rule 308 generally is limited to the question identified by the circuit court's order and will not be expanded to encompass other matters that could have been included. *Levy v. Markal Sales Corp.*, 311 Ill. App. 3d 552, 554, 724 N.E.2d 1008, 1009 (2000); but see *Dowd & Dowd, Ltd. v. Gleason*, 181 Ill. 2d 460, 472, 693 N.E.2d 358, 365 (1998) (a court may go beyond the limits of a certified question in the interests of judicial economy).

The dispute between the parties, and the subject of the certified question, centers on the scope of Keith Martin's indemnity obligations to SIPC. SIPC argues that if it is determined that Keith Martin was guilty of *any* negligence which proximately caused injury to the employee, no matter how small compared to the negligence of SIPC, Keith Martin must *completely* indemnify SIPC. Keith Martin argues that the language of the contract limits Keith Martin's indemnity obligations to a percentage equal to Keith Martin's own negligence and does not extend to include indemnification for SIPC's own negligence. We agree with Keith Martin. In order for an indemnity agreement to include indemnification for the indemnitee's own negligence, that indemnification must be provided by clear and explicit language. If that language is not present, indemnification will be limited to the liability arising out of the indemnitor's negligence only. See *Hankins v. Pekin Insurance Co.*, 305 Ill. App. 3d 1088, 1093, 713 N.E.2d 1244, 1248 (1999); *McNiff v. Millard Maintenance Service Co.*, 303 Ill. App. 3d 1074, 1077, 715 N.E.2d 247, 249 (1999); see also *Liccardi v. Stolt Terminals, Inc.*, 178 Ill. 2d 540, 549-50, 687 N.E.2d 968, 972-73 (1997); *Braye v. Archer-Daniels-Midland Co.*, 175 Ill. 2d 201, 217-18, 676 N.E.2d 1295, 1303-04 (1997).

The critical language of the contract provision at issue here limits the promise to

3

indemnify for damages that are "due to the negligent acts or omissions of the Contractor." Based on the contract language as we see it, and the law in general, the parties did not intend for Keith Martin to indemnify SIPC for SIPC's own negligence. Rather, Keith Martin is obligated to indemnify SIPC for that portion of any damages or injuries attributed to Keith Martin's negligence only. We reiterate that because an agreement to indemnify a party for its own negligence is so unusual and extraordinary, the intent to indemnify to that extent must be beyond doubt by express stipulation. See *McNiff*, 303 Ill. App. 3d at 1077, 715 N.E.2d at 249. Here there is no such clear intent. We again note that indemnity contracts are to be strictly construed, and any ambiguity in the agreement is to be construed most strongly against the indemnitee. *McNiff*, 303 Ill. App. 3d at 1079, 715 N.E.2d at 250. To impose on a contractor the duty to indemnify against injuries or damages entirely out of his control is unreasonable in the absence of clear language in the contract imposing exactly that duty. See *Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.*, 395 Ill. 429, 434-35, 70 N.E.2d 604, 607 (1946). We therefore conclude that Keith Martin is only obligated to indemnify SIPC according to the percentage of fault that is ultimately assessed to Keith Martin.

Certified question answered; order reversed; cause remanded.

SPOMER, P.J., and CHAPMAN, J., concur.

4

NO. 5-05-0456

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| DIANA J. BLACKSHARE, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff, | ) Williamson County. |
| | ) |
| v. | ) No. 00-L-218 |
| | ) |
| RONALD BANFIELD, ROGER SNOW, | ) |
| GERALD L. JONES, SOUTHERN ILLINOIS | ) |
| POWER COOPERATIVE, and GENERAL | ) |
| ELECTRIC COMPANY, | ) |
| | ) |
| Defendants | ) |
| | ) |
| (Southern Illinois Power Cooperative, Third- | ) Honorable |
| Party Plaintiff-Appellee, v. Keith Martin, | ) John Speroni, |
| Inc., Third-Party Defendant-Appellant). | ) Judge, presiding. |

_____

**Rule 23 Order Filed:**     August 17, 2006
**Motion to Publish Granted:**     September 26, 2006
**Opinion Filed**:     September 26, 2006

_____

**Justices**:     Honorable James K. Donovan, J.

Honorable Stephen L. Spomer, P.J., and
Honorable Melissa A. Chapman, J.,
Concur

_____

**Attorneys for Appellant**     Katherine E. Tammaro, Thomas G. Drennan, Tressler, Soderstrom, Maloney & Priess, Sears Tower, 22nd Floor, 233 South Wacker Drive, Chicago, IL 60606 (for Keith Martin, Inc.)

_____

**Attorney for Appellee**     Jeffrey P. Hine, Osburn, Hine, Kuntze, Yates & Murphy, L.L.C., 3266 Lexington Ave., Cape Girardeau, MO 63701 (for Southern Illinois Power Cooperative)

_____