No. 3–10–0465
Opinion filed January 26, 2011

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2011

| | | |
|---|---|---|
| JAMES L. SADLER and MONICA J. SADLER, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois |
|     Plaintiffs-Appellants, | ) ) | |
|     v. | ) ) | No.  06-L-129 |
| LYNN J. SERVICE, | ) ) | Honorable Frank R. Fuhr, |
|     Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.
Justice O'Brien and  Wright concurred in the judgment and opinion.

**OPINION**

The plaintiffs, James L. and Monica J. Sadler, sued the defendant, Lynn J. Service, seeking to recover the principal and interest allegedly due on a promissory note that was executed and delivered on May 5, 1994.  After a bench trial, the circuit court ruled that the statute of limitations contained in an amended version of section 13–206 of the Code of Civil Procedure (the Code) (735 ILCS 5/13–206 (West 1998)) operated to bar the action.  On appeal, the plaintiffs argue that: (1) the court erred when it required the plaintiffs to prove reaffirmation of the debt by clear and convincing evidence; (2) parol evidence was admissible to interpret a blank check written in 2000 to plaintiff James Sadler by the defendant; (3) the court erred when it relied on the

defendant's parol evidence but disregarded the plaintiffs' parol evidence regarding the blank check; (4) a statement made in the defendant's 2007 deposition was the equivalent of a written reaffirmation of the debt dating back to 1997; and (5) the reaffirmation of a debt can be made through oral testimony. We affirm.

FACTS

On May 5, 1994, the defendant executed and delivered a promissory note. The note contained the defendant's promise "to pay to the order of James L. or Monica J. Sadler" $29,000, with interest to accrue annually at a rate of 6%.

On May 5, 1995, and May 2, 1996, the defendant wrote two checks to the plaintiffs, each for $1,740, for interest on the note. The plaintiffs kept the checks, which were never paid.

On June 15, 2000, the defendant wrote a blank check to plaintiff James Sadler. The parties disputed the purpose of the blank check. The plaintiffs alleged that the defendant intended the check to cover the note's accrued interest. The defendant alleged that she intended the check to cover any costs associated with a golf tournament in which plaintiff James Sadler and the defendant's husband, Kent Service, were participating. No amount was ever filled in on the check, nor was it ever paid.

On December 18, 2006, the plaintiffs filed a complaint seeking to recover the principal and interest allegedly due on the note. During summary judgment proceedings, a question arose over whether the applicable law was section 13–206 of the Code or section 3–118 of the Uniform Commercial Code–Negotiable Instruments (the Uniform Commercial Code) (810 ILCS 5/3–118 (West 1994)). The court stated it was applying a 10-year statute of limitations and denied the defendant's motion for summary judgment.

During the trial in this case, it was established that the defendant never paid down the principal or interest due on the note. Further, the plaintiffs did not demand payment on the note until 2006.

On December 11, 2009, the circuit court issued its written order. The court found that the amended version of section 13–206 of the Code controlled and considered the evidence in light of that section's 10-year statute of limitations. The court found that the promissory note was payable on demand and that the statute of limitations began to run immediately. The court also found that none of the checks written by the defendant extended the statute of limitations. Because the defendant did not make any payments on the note within 10 years, and because the plaintiffs did not demand payment within that time, the court ruled that the plaintiffs' action was time-barred.

The plaintiffs filed a motion to reconsider. In its written order that denied the motion, the circuit court noted that the parties agreed that the 1995 and 1996 checks were not relevant to the issue of whether the 10-year statute of limitations expired prior to the filing of the lawsuit in 2006. The plaintiffs appealed.

ANALYSIS

On appeal, the plaintiffs raise numerous arguments challenging the circuit court's ruling that the action was time-barred. Specifically, the plaintiffs argue that: (1) the court erred when it required the plaintiffs to prove reaffirmation of the debt by clear and convincing evidence; (2) parol evidence was admissible to interpret a blank check written in 2000 to plaintiff James Sadler by the defendant; (3) the court erred when it relied on the defendant's parol evidence but disregarded the plaintiffs' parol evidence regarding the blank check; (4) a statement made in the

3

defendant's 2007 deposition was the equivalent of a written reaffirmation of the debt dating back to 1997; and (5) the reaffirmation of a debt can be made through oral testimony.

We review the circuit court's findings of fact in this case under the manifest weight of the evidence standard. *Southwest Bank of St. Louis v. Poulokefalos*, 401 Ill. App. 3d 884, 890 (2010). "A finding is against the manifest weight of the evidence only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence." *Southwest Bank of St. Louis*, 401 Ill. App. 3d at 890.

Initially, we note that the plaintiffs' brief on appeal presumes that the applicable law is the amended version of section 13–206 of the Code (735 ILCS 5/13–206 (West 2008)), which is the statute the circuit court found to be controlling. There is a question in this case with regard to whether the court applied the correct statute. We review issues of statutory interpretation under the *de novo* standard. *In re Application of the County Treasurer & ex officio County Collector*, 394 Ill. App. 3d 111, 122 (2009).

When the promissory note in this case was executed and delivered in 1994, section 3–118 of the Uniform Commercial Code applied to negotiable instruments, including negotiable promissory notes, while section 13–206 of the Code applied to most "other written evidences of indebtedness," including nonnegotiable promissory notes. *Krajcir v. Egidi*, 305 Ill. App. 3d 613, 620 (1999).

In 1997, the General Assembly simultaneously amended section 3–118 of the Uniform Commercial Code and section 13–206 of the Code. The legislature deleted all text from subsections (a) and (b) of section 3–118 of the Uniform Commercial Code and added language similar to those deletions to section 13–206 of the Code:

4

"For purposes of this Section [13–206], with regard to promissory notes dated on or after the effective date of this amendatory Act of 1997, a cause of action on a promissory note payable at a definite date accrues on the due date or date stated in the promissory note or the date upon which the promissory note is accelerated. With respect to a demand promissory note dated on or after the effective date of this amendatory Act of 1997, if a demand for payment is made to the maker of the demand promissory note, an action to enforce the obligation of a party to pay the demand promissory note must be commenced within 10 years after the demand. An action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period." Pub. Act 90–451 (eff. Jan. 1, 1998) (amending 735 ILCS 5/13–206 (West 1998) and 810 ILCS 5/3–118 (West 1998)).

Generally, amendments involving changes in procedure, such as statutes of limitation, are applied retroactively. *Becharas v. Cummings*, 292 Ill. App. 3d 1105, 1107-08 (1997). However, courts answer the question of whether a statute applies retroactively by utilizing the analysis set forth in *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994), as recently described by our supreme court in *Doe A. v. Diocese of Dallas*, 234 Ill. 2d 393, 405-06 (2009). The first step in the multistep *Landgraf* analysis is to determine "whether the legislature has expressly prescribed the temporal reach of a statute. If it has, the expression of legislative intent must be given effect absent a constitutional prohibition."[1] *Doe A.*, 234 Ill. 2d at 405.

---

[1] We recognize that the general savings clause contained in section 4 of the Statute on

The legislature's 1997 amendments to section 3–118 of the Uniform Commercial Code and section 13–206 of the Code contain a clear temporal reach. Section 13–206 of the Code subsumed sections 3–118(a) and (b) of the Uniform Commercial Code and provided new statutes of limitation for promissory notes "dated on or after the effective date of this amendatory Act of 1997." Given this expression of legislative intent, and given that we perceive no constitutional prohibition on the application of this legislative intent, we hold that the circuit court improperly applied the amended version of section 13–206 of the Code to this case.

As previously noted, the preamended version of section 3–118 of the Uniform Commercial Code applied to negotiable promissory notes, while the preamended version of section 13–206 of the Code applied to nonnegotiable promissory notes. *Krajcir*, 305 Ill. App. 3d at 620. The question of whether this case is controlled by the preamended version of section 3–118 of the Uniform Commercial Code or the preamended version of section 13–206 of the Code hinges on whether the promissory note in this case constituted a negotiable instrument. Section 3–104(a) of the Uniform Commercial Code provided that a:

> " 'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:
>
> > (1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;
> >
> > (2) is payable on demand or at a definite time; and

___

Statutes (5 ILCS 70/4 (West 2008)) is inapplicable when the legislature has clearly indicated the temporal reach of a statute. *Doe A.*, 234 Ill. 2d at 406-07.

6

(3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of any obligor." 810 ILCS 5/3–104(a) (West 1994).

The promissory note in this case fits the definition of a negotiable instrument under section 3–104 of the Uniform Commercial Code. The promissory note was payable to the order of either of the plaintiffs. The circuit court found the promissory note to be payable on demand, and there is nothing in the record to indicate that the court's finding in this regard was against the manifest weight of the evidence. Further, the promissory note did not contain any other undertaking or instruction as contemplated by section 3–104(a)(3) of the Uniform Commercial Code. Thus, the preamended version of section 3–118 of the Uniform Commercial Code controls the outcome of this case.

In 1994, section 3–118(b) of the Uniform Commercial Code applied to negotiable promissory notes payable on demand. 810 ILCS 5/3–118(b) (West 1994). In relevant part, the statute provided that if no demand for payment had been made on the note, any action to enforce the obligation to pay was barred "if neither principal nor interest on the note [had] been paid for a continuous period of 10 years." 810 ILCS 5/3–118(b) (West 1994).

Here, the court found that the defendant did not make any payments on the note within 10 years and that the plaintiffs did not demand payment within that time. There is nothing in the

7

record to indicate that the court's findings in this regard were against the manifest weight of the evidence. Thus, pursuant to section 3–118(b) of the Uniform Commercial Code, the plaintiffs' action was time-barred. 810 ILCS 5/3–118(b) (West 1994); see *Virginia Surety Co. v. Northern Insurance Co. of New York*, 362 Ill. App. 3d 571, 574 (2005) (holding that an appellate court can affirm the circuit court's ruling on any basis supported by the record).

For the foregoing reasons, we affirm the judgment of the circuit court of Rock Island County that dismissed the plaintiffs' action as time-barred.

Affirmed.