# Illinois Official Reports

## Appellate Court

---

> ### *In re Estate of Heck*, 2019 IL App (1st) 182414

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF THOMAS JOHN HECK JR., Deceased (Paul D. Heck, Claimant-Appellant, v. Robert B. Heck, Executor, Respondent-Appellee). |
| District & No. | First District, Fifth Division<br>No. 1-18-2414 |
| Filed | December 6, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2017-P-003934; the Hon. Karen L. O'Malley, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Le Roy E. Stevens Jr., of Stevens and Stevens, of Chicago, for appellant.<br><br>Lawrence M. Karlin, of Karlin Associates LLC, of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE HOFFMAN delivered the judgment of the court, with opinion.<br>Justices Rochford and Delort concurred in the judgment and opinion. |

# OPINION

¶ 1     The claimant, Paul D. Heck, appeals from an order of the circuit court of Cook County which dismissed, as time-barred, the claim he filed against the Estate of Thomas John Heck Jr., deceased (estate), based upon a promissory note executed by the decedent. For the reasons that follow, we affirm.

¶ 2     On June 14, 1988, Thomas John Heck Jr. executed a note promising to pay the claimant $51,000 at 7% interest compounded annually (note). The note contains the following payment terms: "Perpetual 90 day note[.] Borrower shall make a single payment on demand within 90 days of demand letter. If payment is not demanded or paid by borrower[,] this note will renew automatically in full force of the terms until said note is paid."

¶ 3     On November 7, 2016, Thomas John Heck Jr. died. During his life, the decedent never made a payment on the note and the claimant never made a demand for payment. On December 8, 2017, the claimant made a written demand upon the estate for payment of the note.

¶ 4     The estate did not pay the note, and on January 3, 2018, the claimant filed a claim against the estate for $362,886.62 due on the note, plus interest, attorney fees, and costs. On May 14, 2018, Robert B. Heck, as executor of the estate (respondent), filed a motion pursuant to section 2-619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(5) (West 2016)) to dismiss the claim as time-barred. On October 15, 2018, the circuit court found that the note is a demand note and, relying upon the 10-year limitations period contained in section 13-206 of the Code (735 ILCS 5/13-206 (West 2016)), granted the motion and dismissed the claim as time-barred. This appeal followed, invoking our jurisdiction under Illinois Supreme Court Rule 304(b)(1) (eff. Mar. 8, 2016).

¶ 5     In urging reversal, the claimant argues that the circuit court erred when it determined that the note is a demand note and that his claim is barred by a 10-year statute of limitations. He maintains that the note renewed in perpetuity and is not subject to a 10-year statute of limitations. We disagree.

¶ 6     Since the trial court dismissed the claimant's claim in response to a motion pursuant to section 2-619 of the Code, our review is *de novo. Lawler v. University of Chicago Medical Center*, 2017 IL 120745, ¶ 11. In resolving this appeal, we are required to construe the note and determine the applicable limitations period; both of which are issues of law subject to *de novo* review. *People v. Jackson*, 2013 IL 113986, ¶ 15 (purely legal questions are reviewed *de novo*); *Northern Illinois Medical Center v. Home State Bank of Crystal Lake*, 136 Ill. App. 3d 129, 142 (1985) (construction and legal effect of an instrument raises a question of law); *Travelers Casualty & Surety Co. v. Bowman*, 229 Ill. 2d 461, 466 (2008) (the applicability of a statute of limitations to a cause of action presents a question of law).

¶ 7     A note is a demand note if it states that it is payable on demand, otherwise indicates that it is payable at the will of the holder, or does not state a definite time for payment. 810 ILCS 5/3-108 (West 2016) (formerly Ill. Rev. Stat. 1987, ch. 26, ¶ 3-108); see also *Theodosakis v. Austin Bank of Chicago*, 93 Ill. App. 3d 634, 637 (1981). The note, which is the subject of this litigation, is not payable on a certain date; rather, it is payable "on demand within 90 days of a demand letter." The due date is indefinite, and the obligation to pay is triggered by a demand. We find, therefore, that the note is a demand note. We are not persuaded by the claimant's argument that the language describing the note as a perpetual 90-day note that renews

automatically until the note is paid is evidence that the note is not a demand note or that the maker intended that it not be subject to a 10-year statute of limitations. In fact, this language of the note supports its characterization as a demand note because a perpetual 90-day note that continues to renew has an unlimited or indefinite due date. A note with an indefinite due date is a demand note. *Theodosakis*, 93 Ill. App. 3d at 637.

¶ 8    The respondent based his motion to dismiss on the assertion that enforcement of the note was barred by the passage of the 10-year statute of limitations contained in section 13-206 of the Code in effect at the time that his motion was filed. From a reading of the transcript of proceedings, it is apparent that the circuit court also relied upon the current version of the statute in granting that motion. The current version of section 13-206 of the Code provides, in relevant part:

> "[A]ctions on *** promissory notes *** shall be commenced within 10 years next after the cause of action accrued ***. With respect to a demand promissory note dated on or after the effective date of this amendatory Act of 1997, if a demand for payment is made to the maker of the demand promissory note, an action to enforce the obligation of a party to pay the demand promissory note must be commenced within 10 years after the demand. An action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period." 735 ILCS 5/13-206 (West 2016).

However, the current version of section 13-206 of the Code specifically provides that, as to demand notes, the amendments to the statute do not apply to an action based on a note that was executed prior to the effective date of the amendatory act of 1997. See *Sadler v. Service*, 406 Ill. App. 3d 1063, 1067 (2011) (amended statute of limitations under section 13-206 of the Code for actions based on promissory notes did not apply to an action based on a note that was executed prior to the effective date of the amendment, where the amendments had a "temporal reach" and clearly stated that they applied only to notes dated on or after the effective date of the amendments). The amendatory act of 1997 (Pub. Act 90-451, § 5 (eff. Jan. 1, 1998)) added the provision that states that "[a]n action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period." As the note in this case was executed prior to the effective date of the amendatory act of 1997, the amendment relating to demand notes is inapplicable. Therefore, we rely only on the preamendment language of the statute, which provided, in relevant part: "actions on *** promissory notes *** shall be commenced within 10 years *** after the cause of action accrued." Ill. Rev. Stat. 1987, ch. 110, ¶ 13-206.

¶ 9    In order to resolve the issue of whether the claim on the note in this case is time-barred under the preamendment version of section 13-206, we must first determine when, if ever, an action on the note accrued. As stated earlier, the subject note is a demand note. Generally, a cause of action against the maker of a demand note accrues upon the date of issue. *Theodosakis*, 93 Ill. App. 3d at 637. The rationale underlying the rule is that, from the date of issuance of a demand note, the holder has the power to demand payment. *Beynon Building Corp. v. National Guardian Life Insurance Co.*, 118 Ill. App. 3d 754, 762 (1983); see also *Milnes v. Hunt*, 311 Ill. App. 3d 977, 980 (2000) ("[T]he statute of limitations begins to run when a creditor may 'legally demand payment' because this is when a cause of action actually accrues.") As the

claimant in this case could have demanded payment on the date of the note's execution and the decedent would have been required to make payment thereon within 90 days thereafter, any cause of action against the decedent based on the note accrued either on execution or, at the very latest, 90 days thereafter. Our conclusion in this regard is further supported by the fact that, at the time of the execution of the instant note, section 3-122(1)(b) of the Uniform Commercial Code provided, in relevant part, that: "A cause of action against a maker *** accrues *** in the case of a demand instrument upon its date or, if no date is stated, on the date of issue." Ill. Rev. Stat. 1987, ch. 26, ¶ 3-122(1)(b). Although section 3-122 of the Uniform Commercial Code was repealed as of January 1, 1992 (see Pub. Act 87-582, § 2 (eff. Jan. 1, 1992)), the claimant's cause of action on the note in this case had already accrued.

¶ 10    The claimant did not file his claim against the estate until January 3, 2018, long past the expiration of 10 years following the accrual of his cause of action; consequently, his claim is time-barred. It is for these reasons that we affirm the judgment of the circuit court. The fact that the circuit court relied upon an inapplicable statute in determining that the claimant's claim is time-barred does not affect our resolution of this appeal, as we may affirm the judgment of a trial court on any ground apparent in the record, regardless of whether it was relied on by the trial court in rendering judgment. *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983).

¶ 11    Affirmed.