NOTICE

Decision filed 02/27/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 160050-U

NO. 5-16-0050

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 01-CF-2298 |
| | ) | |
| RICKY ALLEN HOTZ, | ) | Honorable |
| | ) | Jennifer L. Hightower, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE BOIE delivered the judgment of the court.
Presiding Justice Welch and Justice Overstreet concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the defendant completely failed to establish that he was entitled to leave to file his successive postconviction petition, and any argument to the contrary would lack merit, the defendant's appointed appellate counsel is granted leave to withdraw, and the circuit court's order denying the defendant leave to file his successive postconviction petition is affirmed.

¶ 2    This case comes before this court for the sixth time. On this latest occasion, the defendant, Ricky Allen Hotz, appeals from the circuit court's denial of a motion for leave to file a successive petition for postconviction relief. The defendant's appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis it has filed a motion to withdraw as counsel pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987). OSAD has provided the defendant with a copy of its *Finley* motion, and the defendant has filed with this court a written response thereto. This court has considered OSAD's motion, the

1

defendant's response, the entire record on appeal, and this court's decisions in the defendant's previous appeals in this case. For the reasons that follow, this court has concluded that this appeal does indeed lack merit. Accordingly, OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                      BACKGROUND

¶ 4      In July 2001, the defendant broke into M.M.'s home in Granite City, Illinois, and strangled M.M. to death. In connection with that incident, the defendant was charged with six felony counts, including one count of intentional murder and two counts of felony murder. One of the felony-murder counts was predicated on home invasion. On September 21, 2001, the defendant and his public defender appeared in the circuit court. Pursuant to a fully negotiated plea agreement, the defendant pleaded guilty to felony murder predicated on home invasion, and the court sentenced him to natural life imprisonment on that count, dismissing the other five counts.

¶ 5      Several days after the guilty-plea hearing, the defendant filed a *pro se* motion to withdraw his plea of guilty; he did not provide any legal basis for the request. Subsequently, the public defender, on behalf of the defendant, filed an amended motion to withdraw the guilty plea. In the amended motion, the defendant claimed that he, at the time of the guilty plea, did not understand the nature of the charge, the possible penalty, the consequences of pleading guilty, etc., and was in no condition to make important decisions, due to a lack of education, a mental impairment caused by cocaine use, and psychological stress. After a hearing that included testimony from the defendant, the circuit court denied the defendant's amended motion to withdraw the guilty plea.

¶ 6      The defendant appealed to this court. Through appointed appellate counsel, he argued that the circuit court had abused its discretion in denying his amended motion to withdraw the guilty plea. Also, the defendant argued that a natural-life sentence was not legally permitted for the

2

particular felony-murder count to which he had pleaded guilty, *i.e.*, the count charging felony murder predicated on home invasion. This court disagreed with all of the defendant's arguments and affirmed the circuit court's denial order. *People v. Hotz*, No. 5-02-0241 (Apr. 29, 2003).

¶ 7    In the years following his unsuccessful direct appeal, the defendant has attempted several collateral attacks on the judgment of conviction. Between April 2004 and June 2011, the defendant filed, or sought leave to file, petitions for postconviction relief, and he filed petitions for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2018)). All of those attempts proved unsuccessful. A summary of those attempts can be found in this court's decision in *People v. Hotz*, 2015 IL App (5th) 140343-U, the most recent appeal in this case, except for the instant appeal. In that particular decision, this court rejected the defendant's argument that the circuit court lacked jurisdiction to accept his guilty plea or to sentence him.

¶ 8    On November 9, 2015, the defendant filed the motion that is the subject of the instant appeal, a *pro se* motion for leave to file a successive postconviction petition. The motion for leave did not address the issues of cause or prejudice. Instead, the defendant asserted that his guilty plea and his sentence, or at least a portion of his sentence, were void, and that a void judgment or a void sentence could be attacked at any time under Illinois Supreme Court decisions such as *People v. Arna*, 168 Ill. 2d 107 (1995), and *People v. Thompson*, 209 Ill. 2d 19 (2004). Accompanying the *pro se* motion for leave to file a successive postconviction petition was a 37-page successive petition. Much of the successive petition consisted of extensive quotations from Illinois case law and from the transcript of the September 21, 2001, guilty-plea hearing. The defendant asserted that the factual basis presented by the State at the guilty-plea hearing was insufficient to allow the circuit court to accept his guilty plea to the particular felony-murder count to which he pleaded guilty and was insufficient to permit a natural-life sentence for that particular count, and therefore

3

the sentence was void, and the sentence and the negotiated guilty plea needed to be vacated, and the defendant needed to be allowed to plead anew.

¶ 9    On January 14, 2016, the circuit court entered a written order noting that the defendant had failed to meet the cause-and-prejudice test for successive postconviction petitions. The court denied the defendant leave to file his successive petition "as repetitive of previously filed petitions." The defendant perfected the instant appeal from the denial order.

¶ 10                                    ANALYSIS

¶ 11    This appeal is from an order denying a motion for leave to file a successive petition for postconviction relief. Appellate review of such an order is *de novo*. *People v. Wrice*, 2012 IL 111860, ¶ 50. This court may affirm the order on any ground of record. *People v. Johnson*, 208 Ill. 2d 118, 129 (2003).

¶ 12    The Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2018)) contemplates the filing of only one petition for postconviction relief. *People v. Flores*, 153 Ill. 2d 264, 273 (1992). A defendant who wants to file a successive postconviction petition must first obtain leave of court. *People v. Tidwell*, 236 Ill. 2d 150, 157 (2010). Leave of court will be granted if the defendant meets the cause-and-prejudice test or if he shows a colorable claim of actual innocence based on evidence that is newly-discovered, material, not merely cumulative, and of such a conclusive character that it would likely change the result on retrial. *People v. Edwards*, 2012 IL 111711, ¶¶ 23-24, 32; *People v. Pitsonbarger*, 205 Ill. 2d 444, 459 (2002). In addition, "[w]here jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *People v. Davis*, 156 Ill. 2d 149, 155 (1993).

¶ 13    In this case, the defendant asserted that he was entitled to leave to file a successive postconviction petition because the judgment of conviction was void as a result of the State's faulty

4

or inadequate factual basis for his guilty plea. This court found in one of the defendant's previous appeals that the circuit court did not lack jurisdiction to accept the defendant's plea or to sentence the defendant. See *People v. Hotz*, 2015 IL App (5th) 140343-U. Nothing in the record suggests that the circuit court lacked personal jurisdiction over this criminal defendant or that it lacked subject-matter jurisdiction over this case involving a murder committed in Granite City, Madison County, Illinois, and the defendant certainly did not cite to any authority suggesting that a faulty or inadequate factual basis somehow strips the court of its jurisdiction.

¶ 14    Furthermore, the defendant did not raise a claim that he was actually innocent of the crime to which he pleaded guilty. He did not hint at, let alone describe, any newly-discovered evidence in his case. Instead, he merely quoted from the transcript of the guilty-plea hearing and asserted that the factual basis recited by the State did not establish the elements of the particular felony-murder count to which he pleaded guilty.

¶ 15    Because the judgment of conviction in this case was not void, and because the defendant did not raise in his successive petition a colorable claim of actual innocence based on newly-discovered evidence, the defendant needed to satisfy the cause-and-prejudice test in order to be entitled to leave to file his successive petition. That is, he needed to allege facts that made a *prima facie* showing of (1) cause for his failure to raise his claim in his initial postconviction proceeding and (2) prejudice resulting from that failure. See 725 ILCS 5/122-1(f) (West 2018); *People v. Bailey*. 2017 IL 121450, ¶¶ 24-25. Relying solely on his voidness assertion, the defendant did not even attempt to establish the requisite cause or the requisite prejudice. Therefore, the circuit court had no choice but to deny the defendant's motion for leave to file the successive petition.

¶ 16                                    CONCLUSION

¶ 17    The defendant failed to establish any basis that would entitle him to leave to file his successive postconviction petition. The circuit court properly denied his motion for leave to file it. Any argument to the contrary would lack merit. Accordingly, OSAD is granted leave to withdraw as the defendant's counsel on appeal, and the judgment of the circuit court is affirmed.

¶ 18    Motion granted; judgment affirmed.