NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190282-U

NO. 4-19-0282

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 1, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| RICKY A. HOTZ, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Livingston County |
| JUDGE JENNIFER HIGHTOWER, | ) | No. 18MR44 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices DeArmond and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court properly dismissed plaintiff's *mandamus* complaint where
            plaintiff failed to demonstrate he had a clear right to relief.

¶ 2         In April 2018, plaintiff, Ricky A. Hotz, filed a *mandamus* complaint, which

alleged he is entitled to be resentenced to a term of 20 to 60 years in prison. In October 2018,

defendant, Judge Jennifer Hightower, filed a motion to dismiss plaintiff's *mandamus* complaint

pursuant to sections 2-615, 2-619, and 2-619.1 of the Code of Civil Procedure (Procedure Code)

(735 ILCS 5/2-615, 2-619, 2-619.1 (West 2016)). In April 2019, the circuit court granted

defendant's motion to dismiss.

¶ 3         Plaintiff argues the circuit court erred when it granted defendant's motion to

dismiss. He contends (1) he presented a clear right to relief where his guilty plea and sentence

are void; (2) Judge Hightower had a duty to act where state judges have a duty to (a) protect criminal defendants from violations of their constitutional rights and (b) review prior orders entered by another judge if changed facts or circumstances make the prior order unjust; and (3) his guilty plea and sentence were void, releasing him from ordinary procedural restraints such as *res judicata* and forfeiture. Additionally, for the first time on appeal, plaintiff argues his guilty plea was involuntary because he was not informed the State was "in the process of abolishing the death penalty." We affirm.

¶ 4                                    I. BACKGROUND

¶ 5         In September 2001, plaintiff, pursuant to a fully negotiated guilty plea, pleaded guilty to felony murder predicated on home invasion (720 ILCS 5/9-1(a)(3) (West 1998)). Per the terms of the plea agreement, five other felony counts were dismissed and plaintiff was sentenced to natural life imprisonment.

¶ 6         Plaintiff filed a *pro se* motion to withdraw his guilty plea, and his public defender subsequently filed an amended motion to withdraw the guilty plea. In the amended motion, plaintiff put forth multiple arguments, including he did not understand the nature of the charge, the possible penalty, or the consequences of pleading guilty, and he was in no condition to make important decisions due to his lack of education, mental impairment, and psychological stress. The circuit court denied the amended motion to withdraw the guilty plea.

¶ 7         Plaintiff appealed, arguing the circuit court had abused its discretion in denying his amended motion. Additionally, plaintiff argued his natural life sentence was not legally permitted for the particular felony-murder count he pleaded guilty to. The appellate court disagreed with all of plaintiff's arguments and affirmed the denial. *People v. Hotz*, 337 Ill. App. 3d 1191 (2003) (table) (unpublished order under Supreme Court Rule 23).

¶ 8        In April 2004, plaintiff filed a combined postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 7 (West 2002)) and petition for relief from judgment pursuant to section 2-1401 of the Procedure Code (735 ILCS 5/2-1401 (West 2002)). Plaintiff argued (1) newly discovered evidence rendered his conviction unreliable, (2) his plea was not voluntary and intelligent, (3) plea counsel was ineffective, and (4) his sentence exceeded the statutory range. The circuit court denied plaintiff's petition, and the appellate court affirmed. *People v. Hotz*, 378 Ill. App. 3d 1144 (2008) (table) (unpublished order under Supreme Court Rule 23).

¶ 9        In December 2008, plaintiff filed an action for *habeas corpus* relief in the United States District Court for the Southern District of Illinois, arguing similar claims to his prior combined motion. The district court denied plaintiff's petition with prejudice on grounds of procedural default and lack of merit. *Hotz v. Pierce*, 2013 WL 1286975.

¶ 10        In March 2011, while plaintiff's *habeas* action was pending, plaintiff filed a section 2-1401 petition for relief from judgment, arguing 10 issues:

> "(1) he argued that because his plea attorney stated that he was pleading guilty to count II of the information, which only included one count, he could not plead guilty to that count; (2) he did not receive an arraignment; (3) there was no Supreme Court Rule 608(a)(2) (eff. Jan.1, 1998) certificate in the record; (4) there was no probable cause finding; (5) there were no facts supporting the home invasion element; (6) there was no sworn verification for the arrest warrant; (7) he received ineffective assistance of counsel on his motion to withdraw guilty plea because his counsel proceeded without the benefit of the guilty plea transcripts; (8) the extended-term sentence was not authorized by statute; (9) the State did not

dismiss the information or seek leave to proceed on the indictment; and finally (10) the defendant complained generally about the actions taken with regard to his various postconviction and section 2-1401 petitions." *People v. Hotz*, 2015 IL App (5th) 149343-U, ¶ 9.

The circuit court dismissed plaintiff's petition *sua sponte* on the basis it was untimely, failed to state a basis for relief, and the issues raised had been previously adjudicated. Plaintiff's motion for rehearing or reconsideration was denied. The supreme court entered a supervisory order directing the appellate court to allow plaintiff to file a late notice of appeal, and the State conceded the *sua sponte* dismissal was in error. *People v. Hotz*, No. 5-13-0299 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)). On remand, the State filed a motion to dismiss, arguing untimeliness, failure to state a basis for relief, and *res judicata*. The circuit court dismissed the petition following a hearing. The appellate court affirmed, holding plaintiff's sentence was allowed by law and, because the circuit court had jurisdiction, his guilty plea and sentence were not void. *People v. Hotz*, 2015 IL App (5th) 140343-U.

¶ 11        In June 2011, while the prior action was still pending, plaintiff filed a petition for leave to file a successive postconviction petition, which the circuit court denied. The appellate court affirmed the dismissal for failure to show cause and prejudice. *People v. Hotz*, 2013 IL App (5th) 110367-U.

¶ 12        In November 2015, plaintiff filed a second motion for leave to file a successive postconviction petition. Plaintiff asserted his guilty plea and sentence were void where the factual basis for his plea was insufficient. The circuit court denied the petition as repetitive of previously filed petitions. On appeal, the appellate court found the judgment was not void and

therefore plaintiff was required to satisfy the cause-and-prejudice test. *People v. Hotz*, 2020 IL App (5th) 160050-U.

¶ 13        In April 2018, plaintiff filed a complaint for *mandamus* relief in the circuit court of Livingston County, naming "The State of Illinois, Madison County" as defendant. Plaintiff argued he was entitled to be sentenced to 20 to 60 years imprisonment and sought as relief "remand *** back to Madison County to be resentenced under proper guidelines." Plaintiff alleged the State failed to amend his indictment to give notice of the intent to seek extended term sentencing and his sentence was based on aggravating factors "that did not then and do not now exist," as there was no home invasion on the record.

¶ 14        In September 2018, the circuit court granted plaintiff's motion to amend and substitute Judge Jennifer Hightower as defendant.

¶ 15        In October 2018, defendant, through the Attorney General, filed a combined motion to dismiss pursuant to section 2-619.1 of the Procedure Code (735 ILCS 5/2-619.1 (West 2016)). In her motion, defendant argued plaintiff's petition should be dismissed under section 2-615 of the Procedure Code (735 ILCS 5/2-615 (West 2016)) because plaintiff failed to establish (1) defendant had a clear duty to take action in plaintiff's criminal case where she was not his sentencing judge and the complaint failed to allege any action or inaction on her part, (2) defendant had clear authority to comply with an order from a "sister circuit court," and (3) plaintiff had a clear right to relief where his natural life sentence was valid. Defendant additionally argued plaintiff's petition should be dismissed under section 2-619 of the Procedure Code (735 ILCS 5/2-619 (West 2016)) because plaintiff's claims were barred by *res judicata*, as plaintiff's prior actions from his criminal case all involved the same group of operative facts and he had received final judgments in these cases.

¶ 16    In his response, plaintiff argued (1) *mandamus* is the proper vehicle for challenging a sentence that does not conform with statutory requirements, (2) Judge Hightower was the proper defendant where she was the "*de facto*" defendant as chief judge of the judicial circuit and his sentencing judge had retired, and (3) he had a clear right to be sentenced to a term between 20 and 60 years in prison because the aggravating factors the State relied on were not supported. Additionally, plaintiff contended *res judicata* did not bar his claims where his sentence was void.

¶ 17    In April 2019, in a docket entry, the circuit court granted defendant's motion to dismiss. The court found plaintiff was "asking this court to compel another sitting trial court judge to hear an alleged collateral attack on plaintiff's sentence." The court determined plaintiff failed to set forth a proper cause of action and failed to allege any specific duty owed by defendant. The court additionally found plaintiff's claim was barred by *res judicata*.

¶ 18    This appeal followed.

¶ 19                    II. ANALYSIS

¶ 20    On appeal, plaintiff argues (1) he presented a clear right to relief where his guilty plea and sentence are void; (2) Judge Hightower had a duty to act where state judges have a duty to (a) protect criminal defendants from violations of their constitutional rights and (b) review prior orders entered by another judge if changed facts or circumstances make the prior order unjust; and (3) his guilty plea and sentence were void, releasing him from ordinary procedural restraints such as *res judicata* and forfeiture.

¶ 21                    A. Standard of Review

¶ 22    Section 2-619.1 of the Procedure Code allows a party to file a motion combining a section 2-615 motion to dismiss with a section 2-619 motion to dismiss. 735 ILCS 5/2-619.1

(West 2016). "A section 2-615 motion to dismiss tests the legal sufficiency of a complaint. A section 2-619 motion to dismiss admits the sufficiency of the complaint, but asserts affirmative matter that defeats the claim." *Bjork v. O'Meara*, 2013 IL 114044, ¶ 21, 986 N.E.2d 626. We review a dismissal under either section 2-615 or section 2-619 *de novo*. *Id.*

¶ 23                              B. Plaintiff's *Mandamus* Claim

¶ 24          In *McFatridge v. Madigan*, 2013 IL 113676, ¶ 17, 989 N.E.2d 165, our supreme court described *mandamus* as follows:

> "*Mandamus* is an extraordinary remedy used to compel a public officer to perform nondiscretionary official duties. [Citations.] In order to obtain a *mandamus* remedy, the plaintiff must establish a clear right to the requested relief, a clear duty of the public officer to act, and clear authority of the public officer to comply with the order. [Citation.] A writ of *mandamus* is appropriate when used to compel compliance with mandatory legal standards but not when the act in question involves the exercise of a public officer's discretion. [Citation.]" (Internal quotation marks omitted.)

¶ 25          "A writ of *mandamus* cannot be used to review orders or judgments of courts for error, and it cannot be utilized to alter a judge's actions when that judge had jurisdiction to act." *In re Commitment of Phillips*, 367 Ill. App. 3d 1036, 1042, 857 N.E.2d 746, 752 (2006). In other words, *mandamus* cannot be used as a substitute for the appeals process.

¶ 26          Plaintiff claims he is entitled to *mandamus* because his life sentence is void. Voidness is an exception to the principle that *mandamus* cannot be used as a substitute for an appeal. If a judgment is void, then it may be challenged at any time, directly or indirectly. *People v. Castleberry*, 2015 IL 116916, ¶ 11, 43 N.E.3d 932.

¶ 27     A void judgment is a judgment entered by a court lacking jurisdiction, *i.e.*, subject matter or personal, and differs from a voidable judgment, which is entered erroneously by a court of competent jurisdiction. *Id.* "A voidable judgment *** 'is one entered erroneously by a court having jurisdiction and is not subject to collateral attack.' " *Id.* (quoting *People v. Davis*, 156 Ill. 2d 149, 155-56, 619 N.E.2d 750, 754 (1993)). In order to correct a voidable judgment, one would have to do so in an appeal or through some other direct challenge.

¶ 28     In this case, plaintiff claims his sentence is void where his extended-term sentence was not authorized by statute and there were no facts supporting a finding of home invasion. Plaintiff's claims do not call into question the subject matter or personal jurisdiction of the court. As noted, in plaintiff's prior attacks on his sentence, it was determined the circuit court did not lack jurisdiction to accept plaintiff's plea or to sentence plaintiff in his criminal case. See *People v. Hotz*, 2020 IL App (5th) 160050-U, ¶ 13; *People v. Hotz*, 2015 IL App (5th) 140343-U, ¶ 24. Plaintiff's sentence is not void. Accordingly, plaintiff's *mandamus* claim does not fall within the exception for void judgments. Plaintiff has failed to demonstrate he has a clear right to the requested relief. Because we may affirm on any basis in the record, we do not address the parties' other arguments.

¶ 29                                III. CONCLUSION

¶ 30     For the reasons stated, we affirm the trial court's judgment.

¶ 31     Affirmed.